483 So.2d 338 (1986)
Tim MESSER
v.
STATE of Mississippi.
No. 55878.
Supreme Court of Mississippi.
February 5, 1986.
Steven E. Farese, Farese, Farese & Farese, Ashland, for appellant.
Edwin Lloyd Pittman, Atty. Gen. by Leyser Q. Morris, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before ROY NOBLE LEE, P.J., and DAN M. LEE and PRATHER, JJ.
ROY NOBLE LEE, Presiding Justice, for the Court:
Gary Glover and Tim Messer were jointly indicted in the Circuit Court of Tunica County for the sale and delivery of marijuana to one Eddie McCullough. The case proceeded to trial against Messer, who was found guilty and sentenced to serve a term of three (3) years in custody of the Mississippi Department of Corrections with one (1) year suspended and to pay a fifteen hundred dollar ($1,500) fine. Messer has appealed to this Court and assigns three (3) errors in the trial below.
According to evidence for the State, Gary Glover told a confidential informant of Agent Eddie McCullough, Mississippi Bureau of Narcotics, that he knew a white male, who had marijuana and was willing to sell it. At approximately 11:54 a.m. on January 7, 1983, Agent McCullough met with Gary Glover at his home north of Sledge, Mississippi. They drove in Agent McCullough's vehicle to appellant's trailer in Tunica, Mississippi, which they entered and found appellant sitting on the couch in his robe. Agent McCullough asked appellant whether he had any marijuana, and was informed that he did have marijuana for sale and the price was seventy-five dollars ($75.00) per ounce. Appellant reached behind the couch and brought out a boot box which contained several bags of marijuana. The appellant told Agent McCullough that he could choose any two bags for $75.00, and McCullough paid for the marijuana with State funds. After leaving appellant's trailer, the bags were packaged and mailed to the Mississippi Crime Laboratory in Batesville, Mississippi, and it was determined by the lab technician that they contained 22.3 grams of marijuana.
Appellant testified in his own behalf and denied selling the marijuana to the agent as well as there being several packages of marijuana in the boot box. According to appellant, Gary Glover requested him to *339 purchase marijuana for Glover's use at McKellar Park in Memphis, Tennessee, along with a purchase appellant intended to make for himself. He claims that he gave the marijuana to Gary Glover who paid him for the contraband, instead of McCullough. Appellant admitted that McCullough was present.

I.  II.
Appellant contends (1) that the lower court erred in refusing to grant Instruction # 2 requested by appellant, which was a lesser-included offense instruction and which would have told the jury that if it believed from the evidence Tim Messer did not deliver and sell one ounce or less of marijuana to Eddie McCullough, and that he did have in possession one ounce or less of marijuana, then Tim Messer was guilty of possession of one ounce or less of marijuana, which was a lesser and included offense to that charged in the indictment; and (2) that the lower court erred in refusing to give a "form of the verdict" instruction which included a lesser-included offense verdict.
On cross-examination of Agent McCullough by the attorney for appellant, the following transpired:
Cross Examination
Q. What did he [Gary Glover] divulge to you about this person you could buy a quarter of a pound?
A. He said I could buy a quarter of a pound from a person in the Tunica area, and he would take me there.
Q. Did you interpret that to mean Messer?
A. I didn't know who it was going to be.
Q. Is Mr. Messer white or is he black?
A. At first the information that was given, I believe 
Q.  (Interrupting)  Excuse me, answer my question. Is Mr. Messer white or is he black?
A. He's white.
Q. Okay, let me ask the questions. What information did you receive as to who this individual was that was going to sell you a quarter pound of marijuana?
A. At first it was black, then the information when I talked to him was a white male.
* * * * * *
Q. (By Mr. Farese): Mr. McCullough, through your investigation of the Messer case, did you determine that Mr. Tim Messer was in the business of selling marijuana?
A. We had had information that he was.
Q. I'm talking about besides this information that you received from your confidential informant, did you make an independent determination that Mr. Tim Messer was selling marijuana?
A. We got information from another agent.
Q. What's your professional opinion?
A. What's my professional opinion?
Q. Yes, sir.
A. Yes, sir, he was selling marijuana.
* * * * * *
Q. How much marijuana did you see in the house?
A. I saw in the Acme boot box that I saw that came from under the stereo stand, there were several bags, exactly how many, I don't know; I didn't count them. And 
Q.  Well, give me an approximation.
A. Eight to ten; and then, there was also some marijuana that was in a coffee table that was in front of the couch. I don't know how much was there.
Appellant testified to the following facts:
(a) Early in the morning on January 7, 1983, I went to McKellar Park in Memphis, Tennessee, to purchase marijuana.
(b) While making a purchase at the park I obtained a bag of marijuana for Gary Glover.
(c) When Gary Glover came to my trailer on January 7, 1983 he paid me $75.00 for the marijuana.

*340 (d) I did a favor for a friend. I did not consider myself selling marijuana.
Appellant testified that when Gary Glover and Agent McCullough came to his trailer, appellant reached back in a box, took out the marijuana, and gave it to Gary Glover, who handed it to Agent McCullough; and that Glover gave him $75.00 for the marijuana. Agent McCullough testified that he asked appellant whether he had any marijuana; that appellant stated he did and reached behind the couch for a shoe box; the box contained several bags of marijuana and McCullough was told he could choose any two bags for $75.00; and that McCullough handed the $75.00 to appellant and appellant handed him the marijuana.
In Boone v. State, 291 So.2d 182 (Miss. 1974), the Court said:
We are of the opinion that the definition of "sale" in the statute where "delivery" is made shows a legislative intent that the act of a person making such sale and delivery constitutes a sale even if such person is acting as an agent for either the purchaser or seller.
See State v. Livingston, 2 Or. App. 587, 469 P.2d 632 (1970) and People v. Shannon, 15 Ill.2d 494, 155 N.E.2d 578 (1959) for a construction of similar statutes in Oregon and Illinois.
291 So.2d at 185.
Appellant cites Jackson v. State, 337 So.2d 1242 (Miss. 1976). There, the Court correctly stated the law as follows:
[W]hen warranted by evidence, the trial court may instruct the jury with reference to lesser-included offenses. However, such an instruction should not be indiscriminately or automatically given, ... but should only be given after the trial court has carefully considered the evidence and is of the opinion that such instruction is justified by the evidence.
337 So.2d at 1255.
Appellant contends that he is entitled to have his theory of the case, viz, possession rather than sale, presented to the jury, relying upon Young v. State, 451 So.2d 208 (Miss. 1984). However, if the evidence does not justify submission of the lesser-included offense, the Court should refuse to do so. Grace v. State, 375 So.2d 419 (Miss. 1979); Presley v. State, 321 So.2d 309 (Miss. 1975).
Under the facts of this case, the testimony of appellant in his own behalf was practically tantamount to a confession that he sold and delivered marijuana, if not to Agent McCullough in person, then to his confidential informant in Agent McCullough's presence. We are of the opinion that the facts do not justify the granting of a lesser-included offense instruction and that the lower court correctly refused to grant appellant's requested Instructions D-2 and D-3.

III.  IV.
Appellant contends (3) that he was denied due process of law because of improper remarks by the prosecuting attorney in final argument, and that the lower court erred in refusing to grant a directed verdict and/or judgment notwithstanding the verdict in favor of appellant.
Appellant failed to make any objection to the argument of the district attorney and the point was not preserved for consideration by this Court. The only witnesses testifying in the case were Agent McCullough and laboratory technician Kathy Brooks for the State, and appellant in his own behalf. The evidence presented a fact question for the jury as to the guilt of the appellant, and the issue was resolved against the appellant and in favor of the State. Warn v. State, 349 So.2d 1055 (Miss. 1977); Young v. State, 425 So.2d 1022 (Miss. 1983); Clemons v. State, 470 So.2d 653 (Miss. 1985); McClinton v. State, 459 So.2d 807 (Miss. 1984).
There being no reversible errors in the trial below, the judgment of the lower court is affirmed.
AFFIRMED.
PATTERSON, C.J., WALKER, P.J., and HAWKINS, DAN M. LEE, PRATHER, ROBERTSON, SULLIVAN and ANDERSON, JJ., concur.