566 So.2d 1240 (1990)
James D. ROBINSON
v.
STATE of Mississippi.
No. 07-KA-59181.
Supreme Court of Mississippi.
August 15, 1990.
David G. Hill, Oxford and John Paul Barber, Oxford, for appellant.
Mike C. Moore, Atty. Gen., and Jack B. Lacy, Jr., Sp. Asst. Atty. Gen., Jackson, for appellee.
Before DAN M. LEE, P.J., and SULLIVAN and BLASS, JJ.
BLASS, Justice, for the Court:
James Robinson was charged in a three count indictment with: (1) simple assault on a law enforcement officer, Miss. Code Ann. § 97-3-7(1) (Supp. 1986); (2) attempted jail escape, Miss. Code Ann. § 97-9-49 (Supp. 1986); and (3) aiding another in attempted escape, Miss. Code Ann. § 97-9-29 (1972). He was indicted as an habitual offender Miss. Code Ann. § 99-19-81 (Supp. 1986). Robinson was tried on January 14, 1988, and found guilty on Count 1, of simple assault on a law enforcement officer. He was sentenced as an habitual offender to five years in the custody of Mississippi Department of Corrections. From this verdict, sentence and the denial of post trial motions, Robinson appeals assigning two issues: (1) the improper exclusion of evidence of the victim's character for aggressiveness or prisoner abuse, both prior and subsequent to the escape attempt; and (2) the verdict, as to Count 1 was inconsistent with the evidence admitted by the trial court. Finding no error, we affirm.

I.
Two versions of the events of January 23, 1987, were presented at trial. One was advanced by the Deputy Sheriff, Wayne Jackson, with supporting testimony of three trusties, Johnny McBride, Robert Carr, and Jerry Slaughter. The other version was related by defendant James Robinson, with supporting testimony of Doyle Sudduth, the prisoner with whom Robinson was purportedly attempting to escape.
Deputy Jackson testified that he was escorting Robinson to the shower when he was distracted by Sudduth and attacked by Robinson. Sudduth grabbed the keys to his cell and was attempting to open the door, when the three trusties stopped the scuffle between Robinson and Jackson.
Robinson's version, presented only during defendant's case, was that Deputy Jackson attacked him without provocation, and Robinson was attempting to defend himself, when he grabbed Jackson in a "bear hug". Robinson contended that the cell keys were kicked into Sudduth's cell during the scuffle.

II.
Appellant argues that his case was prejudiced by the trial court's ruling that prior *1241 and subsequent aggressive acts of Deputy Jackson, the victim of the assault, were inadmissible.
Miss.R.Evid. 404, states in pertinent part:
(a) Character Evidence Generally. Evidence of a person's character or a trait of his character is not admissible for the purpose of proving that he acted in conformity therewith on a particular occasion, except:
.....

(2) Character of Victim. Evidence of a pertinent trait of character of the victim of the crime offered by an accused, or by the prosecution to rebut the same, or evidence of a character trait of peacefulness of the victim offered by the prosecution to rebut evidence that the victim was the first aggressor;
.....
This rule, and its comment, were cited in Stoop v. State, 531 So.2d 1215 (Miss. 1988), in which this Court stated that in order to introduce evidence of the victim's character for violence, the defendant must first offer evidence of an overt act perpetrated against him by the victim.
In McDonald v. State, 538 So.2d 778, 779 (Miss. 1989), this court acknowledged that it has long been the law in this state that proof of the victim's bad reputation for violence or threats against the defendant is competent when the question of who was the aggressor is at issue, but that such evidence is not competent until there has first been some evidence that the victim had been the aggressor. See also 1 Warton's Criminal Evidence § 137 (14th ed. 1985) (After the defendant has laid a proper foundation by adducing some evidence tending to show that he acted in self-defense, he may introduce evidence of the turbulent and dangerous character of the victim).
It is clear that Robinson was precluded from introducing evidence of Deputy Jackson's reputation for violence unless and until he introduced evidence of an overt act of aggression by Deputy Jackson.
At the time the State made the motions to exclude the evidence of prior and subsequent aggressive acts by Deputy Jackson, there was absolutely no evidence before the court of an overt act by Deputy Jackson against Robinson, or anyone else. The prosecutor's opening statement related only Deputy Jackson's version of the scuffle. The Defense made no opening statement. The State's first witness was Deputy Jackson, whose testimony on direct tracked the opening statement. On cross-examination, the defense asked no questions related to any acts of aggression by Jackson against Robinson. Jackson was questioned about the alleged subsequent beating. The State objected that any subsequent acts were irrelevant. Defense responded that the purpose of the question was to establish a pattern and practice of the abuse of prisoners by Deputy Jackson. The court sustained the State's objection in the following:
BY THE COURT: I believe it to be irrelevant in the state of the record at this time. It will depend on what you do when you present your case. Objection sustained.
The three trusties who witnessed the incident verified the story told by Deputy Jackson that Robinson had initiated the fracas. These witnesses were asked no questions concerning any overt act by Jackson against Robinson.
After Deputy Jackson and the three trusties had testified, the following motion and ruling were made:
Comes the State and moves the Court in limine to instruct the Defendant, counsel for Defendant and all witnesses not to testify, comment, or question about the alleged acts of physical force to the Defendant after the event testified about in this case, or any alleged acts of any alleged force to any other prisoners before or after said event, without first being authorized by the Court to do so.
An off the record argument was had by counsel, after which the Court ruled as follows:

BY THE COURT: The Court rules that as to the Defendant in this matter, anything done after the incident is not admissible anyway, and I think it's irrelevant *1242 to the charge what occurred after the alleged incident. He can't predicate a prior jail escape attempt on what happened to him afterwards (sic), and I believe it to be irrelevant. The motion is sustained.

Sheriff Middleton was then called by the State. He described the physical layout of the jail; testified as to Jackson's position in the department; and that Sudduth and Robinson were under lawful arrest after which the State rested.
Robinson's defense consisted of testimony by Robinson and Sudduth, that Deputy Jackson attacked Robinson without provocation, and Robinson was merely protecting himself from that attack when the trusties intervened. Defendant did not recall Deputy Jackson, Sheriff middleton or the trusties after this evidence of an overt act of aggression by Deputy Jackson was presented. He certainly could have, and evidence of Deputy Jackson's character for violence toward prisoners would have been admissible at that time.
Regardless of what could have been done at trial, we rule only on the evidence as presented, and the state of the record at the time rulings are made. When the trial court sustained the State's relevancy objections, there was no evidence of any overt act in evidence. The Circuit Court ruled properly that evidence of the character of the victim was inadmissible, at that time.

III.
Count 1 charged Robinson with simple assault on a law enforcement officer, Miss. Code Ann. § 97-3-7(1) (Supp. 1986).
§ 97-3-7. Simple assault; aggravated assault.
(1) A person is guilty of simple assault if he (a) attempts to cause or purposely, knowingly or recklessly causes bodily injury to another; or (b) negligently causes bodily injury to another with a deadly weapon or other means likely to produce death or serious bodily harm; or (c) attempts by physical menace to put another in fear of imminent serious bodily harm; ... Provided, however, a person convicted of simple assault upon a law enforcement officer ... while such law enforcement officer . .. is acting within the scope of his duty and office shall be punished by a fine of not more than one thousand dollars ($1,000.00) or by imprisonment for not more than five (5) years, or both.
Appellant restates his contention that he was holding Deputy Jackson in a "bear-hug" in an attempt to defend himself from Jackson's assault. He also contends that the jury was presented with no evidence from which it could adduce that Robinson intended to cause bodily harm to Deputy Jackson.
The standard of review on post trial motions is abuse of discretion. Clark v. State, 503 So.2d 277 (Miss. 1987); Burt v. State, 493 So.2d 1325 (Miss. 1986); Pharr v. State, 465 So.2d 294 (Miss. 1984). In Groseclose v. State, 440 So.2d 297, 300 (Miss. 1983) this court set out the circumstances under which it would vacate a jury's verdict. This will not be done "... unless ... the verdict is so contrary to the overwhelming weight of the evidence that, to allow it to stand, would be to sanction an unconscionable injustice."
As stated previously, there was conflicting evidence of the events of January 23, 1987. The jury believed the witnesses called by the State, and obviously did not believe Robinson and Sudduth. It is the proper role and function of the jury to resolve conflicts in testimony and to pass on the credibility of the evidence. Id.
The verdict is not contrary to the overwhelming weight of the evidence. The conviction and sentence are affirmed.
AFFIRMED.
ROY NOBLE LEE, C.J., HAWKINS P.J., and PRATHER, ROBERTSON, SULLIVAN, ANDERSON and PITTMAN, JJ., concur.
DAN M. LEE, P.J., concurs in result only.