642 So.2d 924 (1994)
Johnny JOHNSON a/k/a Smokey
v.
STATE of Mississippi.
No. 91-KA-00798.
Supreme Court of Mississippi.
September 8, 1994.
*926 Whitman D. Mounger, Greenwood, for appellant.
Michael C. Moore, Atty. Gen., Jackson, Deirdre McCrory, Sp. Asst. Atty. Gen., Jackson, MS, for appellee.
Before PRATHER, P.J., and BANKS and SMITH, JJ.
PRATHER, Presiding Justice.

I. INTRODUCTION
Johnny Johnson, a/k/a Smokey, and Jimmy Spruill, a/k/a Little Jimmy, were indicted by the grand jury of Leflore County in its November 1990 term and charged with the sale of cocaine and conspiracy to sell cocaine. Following a trial on the merits, Johnson was convicted on both counts. Johnson's subsequent motion for new trial or judgment notwithstanding the verdict (JNOV) was denied. Johnson now appeals to this Court, seeking review of the following issues:
A. Whether the trial court erred in refusing to grant a directed verdict, by way of a requested peremptory instruction (D-1), with regard to the charge of sale of cocaine, and likewise erred in overruling Johnson's motion for new trial or JNOV with regard to said charge;
B. Whether the trial court erred in refusing to grant a directed verdict, by way of a requested peremptory instruction (D-2), with regard to the charge of conspiracy to sell cocaine, and likewise erred in overruling Johnson's motion for new trial or JNOV with regard to said charge; and
C. Whether the trial court erred in refusing to grant defendant's requested jury instructions D-4, D-26, and D-28.
A thorough review of the facts and the law has convinced this Court that Johnson's conviction of the sale of cocaine must be affirmed, while his conviction of conspiracy must be reversed.

II. THE FACTS RELEVANT TO REVIEW
On March 23, 1990, Kary Ellington, an agent with the North Central Narcotics Task Force, pulled up to a fence at McLaurin Street and Avenue F in Greenwood, where he saw Johnny Johnson. Ellington asked Johnson if he knew where Ellington could find some crack cocaine. Johnson said that he did, and got into Ellington's automobile.[1] The foursome went to a couple of other places looking for drugs, without success. Then the group travelled to Vardaman Street, at Johnson's direction, where Johnson told Ellington to back down the street.[2] The four exited the car and Johnson and Ellington went to the door of 213 Vardaman Street while Taylor and Gates waited on the side of the house.
When Jimmy Spruill answered Johnson's knock, Johnson told him he wanted some crack cocaine. Spruill retrieved a Domino match box, which contained a rock of crack cocaine[3], from his pocket and gave it to Ellington, who in turn gave Spruill $50.00. When Johnson asked for "a pinch of the drugs," Ellington gave him $5.00 instead. Ellington, Taylor, and Gates then returned to the car, leaving Johnson on the street. Ellington placed the contraband in a small plastic evidence bag, went to the post-buy meeting place, and wrote his synopsis.
Jimmy Spruill, who was serving time in Parchman for the sale of cocaine at the time of Johnson's trial, claimed that although he had sold drugs in the past, he had never used Johnson as a runner. Spruill testified that *927 Ellington, accompanied by Taylor and Gates, bought drugs from him only once, and Johnson was not present. But on cross-examination, Spruill admitted that he had sold drugs to Ellington on many occasions and that he may have sold to Ellington on March 23, 1990.
Johnson denied that he had joined with Spruill to sell drugs or to conspire to sell drugs to Ellington on March 23, 1990, although he admitted he was with Ellington on that date. Johnson's testimony corroborated Ellington's to a great extent. However, Johnson said he did not direct Ellington to Vardaman Street and claimed that once on Vardaman Street, Spruill was outside and approached the car; none of the vehicle's occupants got out. Spruill and Ellington completed the transaction without any help from Johnson, then Johnson asked for a piece of the cocaine rock.

III. THE LAW
A. Whether the trial court erred in refusing to grant a directed verdict, by way of a requested peremptory instruction (D-1), with regard to the charge of sale of cocaine, and likewise erred in overruling Johnson's motion for new trial or JNOV with regard to said charge.
B. Whether the trial court erred in refusing to grant a directed verdict, by way of a requested peremptory instruction (D-2), with regard to the charge of conspiracy to sell cocaine, and likewise erred in overruling Johnson's motion for new trial or JNOV with regard to said charge.

1. Directed Verdict, Peremptory Instruction, and JNOV
Just as did his motion for directed verdict and request for peremptory instructions, Johnson's motion for JNOV challenges the legal sufficiency of the evidence. McClain v. State, 625 So.2d 774, 778 (Miss. 1993). See also Noe v. State, 616 So.2d 298, 301 (Miss. 1993) (motion for directed verdict tests legal sufficiency of the evidence); Strong v. State, 600 So.2d 199, 201 (Miss. 1992) (when faced with a request for a peremptory instruction, the trial judge is bound by the same law which guides his decision regarding a motion for directed verdict). This Court must review the evidence and the ruling on its sufficiency as of the time the last challenge was made in the trial court. McClain, 625 So.2d at 778, citing Wetz v. State, 503 So.2d 803, 807-08 (Miss. 1987). In this instance, the last challenge to the sufficiency of the evidence was Johnson's motion for JNOV.
The evidence is viewed in the light most favorable to the State, which also receives the benefit of any favorable inferences which may be reasonably drawn from the evidence. McClain, 625 So.2d at 778. All credible evidence consistent with the guilty verdict is accepted as true, with issues of weight and credibility resolved by the jury. McClain, 625 So.2d at 778. This Court will reverse only where "reasonable and fair-minded jurors could only find the accused not guilty." McClain, 625 So.2d at 778, citing Wetz, 503 So.2d at 808; Harveston v. State, 493 So.2d 365, 370 (Miss. 1986); Fisher v. State, 481 So.2d 203, 212 (Miss. 1985).

a. Sale of Cocaine
Miss. Code Ann. § 41-29-139(a)(1) (1972) makes it unlawful for any person to knowingly or intentionally "sell, barter, transfer, manufacture, distribute, dispense or possess with intent to create, sell, barter, transfer, distribute or dispense" cocaine. One who aids and abets a sale of cocaine is guilty as a principal, regardless of whether he personally profited from the sale. Turner v. State, 573 So.2d 1340, 1342 (Miss. 1990), citing Miss. Code Ann. § 97-1-1 (1972). See also Minor v. State, 482 So.2d 1107, 1111-12 (Miss. 1986). "[S]ubstantial knowing participation in the consummation of a sale or in arranging for the sale" is sufficient to support a conviction for sale of a controlled substance pursuant to Miss. Code Ann. 41-29-139 (1972). Minor, 482 So.2d at 1112, quoting Williams v. State, 463 So.2d 1064, 1066 (Miss. 1985).
Viewed in the light most favorable to the State, the evidence can be summarized as follows:
*928 1. Johnson told Ellington he knew where Ellington could get some crack cocaine;
2. Johnson got into Ellington's car;
3. Johnson directed Ellington to Spruill's address;
4. Johnson accompanied Ellington to the door and knocked on it;
5. Johnson told Spruill that Ellington wanted to purchase some cocaine; and
6. Johnson remained with Ellington and Spruill while the sale was consummated.
This evidence is sufficient proof of "substantial knowing participation in the consummation of a sale or in arranging for the sale" of cocaine from Spruill to Ellington. This is not a case where reasonable jurors could only find Johnson not guilty. This Court therefore affirms the trial court on this issue.

b. Conspiracy
Miss. Code Ann. § 97-1-1 (Supp. 1993) provides that the crime of conspiracy is committed when two or more persons conspire to commit a crime or to accomplish any unlawful purpose. Each alleged conspirator must recognize that he is joining the other in a common plan and "[e]ach must intend to further a common and unlawful purpose." Taylor v. State, 536 So.2d 1326, 1328 (Miss. 1988). See also Watson v. State, 521 So.2d 1290, 1293 (Miss. 1988). A formal or express agreement is not required to prove a conspiracy; a conspiracy may be proven by the acts and conduct of the alleged conspirators. Thomas v. State, 591 So.2d 837, 839 (Miss. 1991), citing Clayton v. State, 582 So.2d 1019, 1022 (Miss. 1991); Nixon v. State, 533 So.2d 1078, 1092 (Miss. 1987), cert denied, 490 U.S. 1102, 109 S.Ct. 2458, 104 L.Ed.2d 1012 (1989).
Johnson and Spruill were indicted for conspiracy to sell cocaine. An agreement to sell cocaine could possibly be inferred by the combined acts of Johnson and Spruill, yet there is no evidence that Spruill knew Johnson would bring Ellington or any other cocaine purchaser to his home. Viewing the evidence in the light most favorable to the State, Johnson knew that Spruill sold cocaine, but Ellington also possessed this knowledge; Johnson directed Ellington to Spruill's house, and accompanied Ellington to the door, knocked on the door, and told Spruill that they wanted to purchase cocaine. Spruill then supplied the cocaine to Ellington. This is insufficient evidence of the actors' recognition that they were entering into a common plan and knowingly intended to further its common purpose. Griffin v. State, 480 So.2d 1124, 1126 (Miss. 1985), citing McDonald v. State, 454 So.2d 488 (Miss. 1984). Reasonable jurors could only find Johnson not guilty of a conspiracy with Spruill to sell cocaine. It follows that this Court reverses on this issue.

2. New Trial
"The standard of review of a post-trial motion is abuse of discretion." Flowers v. State, 601 So.2d 828, 833 (Miss. 1992), citing Robinson v. State, 566 So.2d 1240, 1242 (Miss. 1990). A motion for new trial is discretionary with the trial judge and this Court will not order a new trial unless it is convinced that the verdict is so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice. McNeal v. State, 617 So.2d 999, 1009 (Miss. 1993); Burrell v. State, 613 So.2d 1186, 1191 (Miss. 1993); Pierre v. State, 607 So.2d 43, 54 (Miss. 1992); Alexander v. State, 602 So.2d 1180, 1183 (Miss. 1992); Parker v. State, 606 So.2d 1132, 1140 (Miss. 1992).
In determining whether a jury verdict is against the overwhelming weight of the evidence, just as when determining whether a peremptory instruction is proper [Allred v. State, 605 So.2d 758, 760 (Miss. 1992)], this Court must accept as true the evidence which supports the verdict and will reverse only when convinced that the trial court has abused its discretion in failing to grant a new trial. Nicolaou v. State, 612 So.2d 1080, 1083 (Miss. 1992); Parker, 606 So.2d at 1140; Alexander, 602 So.2d at 1184. Any factual disputes are properly resolved by the jury and do not mandate a new trial. McNeal, 617 So.2d at 1009; Burrell, 613 So.2d at 1192.
The evidence in this case, as discussed above, supports the verdict of guilty of sale of cocaine. Factual disputes were *929 properly resolved by the jury. This guilty verdict returned by the jury against Johnson is not against the overwhelming weight of the evidence and no unconscionable injustice will result if this verdict remains undisturbed. The trial judge did not abuse his discretion in denying Johnson's motion for new trial on the sale of cocaine conviction.
However, the evidence in this case does not support the verdict of guilty of conspiracy. This guilty verdict is against the overwhelming weight of the evidence and an unconscionable injustice will result should this verdict remain undisturbed. Although the trial judge should have granted Johnson's directed verdict, peremptory instruction, or JNOV regarding the conspiracy charge, failing that, the motion for new trial should have been granted. This Court, therefore, reverses.

C. Whether the trial court erred in refusing to grant defendant's requested jury instructions D-4, D-26, and D-28.

1. Instruction D-4
Instruction D-4 reads:
The Court instructs the Jury that before it can find the Defendant, Johnny Johnson, guilty of the crime of sale of cocaine, it must first find beyond a reasonable doubt that he acted in concert with or as a joint venturer with the actual seller in this case, Jimmy Spruill; if you find from the evidence that Johnny Johnson simply acted as an agent for the buyer, Kary Ellington, and not as an agent for the seller, Jimmy Spruill, then it is your sworn duty to find Johnny Johnson "Not Guilty."
As support for his contention that this instruction should have been given, Johnson relies on Daniels v. State, 569 So.2d 1174 (Miss. 1990). Daniels' conviction was reversed because the evidence presented raised a question of entrapment and the record did not reveal whether the person who sold cocaine to Daniels was an agent of the narcotics officers. Daniels, 569 So.2d at 1176. In the case sub judice, no entrapment issue is raised and there is no dispute but that Spruill was not acting as an agent of the narcotics officers.
The instruction proffered by Johnson as D-4 is simply not a correct statement of the law. A defendant may be found guilty of the sale of cocaine where he acted as either an agent for the purchaser or an agent for the seller. Messer v. State, 483 So.2d 338, 340 (Miss. 1986). The trial court did not err in refusing Instruction D-4.

2. Instructions D-26 and D-28
Although Johnson claims it was error for the trial court to have refused his proffered instructions D-26 and D-28, he provides no authority for his position. Consequently, these issues "are not properly before this Court" and this Court declines to consider them. Gerrard v. State, 619 So.2d 212, 219 (Miss. 1993). See also Minor, 482 So.2d at 1112.

IV. CONCLUSION
The trial court did not err in refusing to grant a directed verdict, peremptory instruction, or JNOV regarding the sale of cocaine charge. Viewed in the light most favorable to the State, the evidence is sufficient to prove "substantial knowing participation in the consummation of a sale or in arranging for the sale" of cocaine from Spruill to Ellington. Minor, 482 So.2d at 1111-12. The evidence is, however, insufficient to show the actors' recognition that they were entering into a common plan and knowingly intended to further its common purpose. Griffin, 480 So.2d at 1126. This is not a case where reasonable jurors could only find Johnson not guilty of the sale of cocaine charge, but the same can not be said about the conspiracy charge. McClain, 625 So.2d at 778. It follows that this Court affirms Johnson's conviction of sale of cocaine and reverses his conviction of conspiracy.
The trial court did not err in refusing to grant Johnson's motion for new trial on the sale of cocaine charge. The evidence in this case supports the verdict of guilty; factual disputes were properly resolved by the jury. McNeal, 617 So.2d at 1009; Burrell, 613 So.2d at 1192. The guilty verdict returned by the jury against Johnson is not against the overwhelming weight of the evidence and *930 no unconscionable injustice will result if this verdict remains undisturbed. McNeal, 617 So.2d at 1009; Burrell, 613 So.2d at 1191; Pierre, 607 So.2d at 54; Alexander, 602 So.2d at 1183. There was no abuse of discretion and this Court affirms. Flowers, 601 So.2d at 833, citing Robinson, 566 So.2d at 1242.
Regarding the conspiracy charge, the trial court erred in refusing to grant Johnson's motion for new trial. This guilty verdict is against the overwhelming weight of the evidence and an unconscionable injustice will result if this Court leaves this verdict undisturbed. McNeal, 617 So.2d at 1009; Burrell, 613 So.2d at 1191; Pierre, 607 So.2d at 54; Alexander, 602 So.2d at 1183. This Court, therefore, reverses as to the conspiracy charge.
The trial court did not err in refusing to give Instruction D-4 as it is not a correct statement of the law. Contrary to the proffered instruction, a defendant may be found guilty of the sale of cocaine where he acted as either an agent for the purchaser or an agent for the seller. Messer, 483 So.2d at 340. This Court affirms.
TWO COUNTS, SALE OF COCAINE: COUNT I: CONVICTION OF SALE OF COCAINE AND SENTENCE OF FIFTEEN (15) YEARS IN CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS WITH THREE (3) YEARS SUSPENDED, TO RUN CONCURRENTLY WITH SENTENCE IN CAUSE NO. 21649, AFFIRMED. COUNT II: CONVICTION OF CONSPIRACY TO SELL COCAINE REVERSED AND REMANDED FOR A NEW TRIAL.
HAWKINS, C.J., DAN M. LEE, P.J., and SULLIVAN, BANKS, McRAE, JAMES L. ROBERTS, Jr. and SMITH, JJ., concur.
PITTMAN, J., not participating.
NOTES
[1] Sterling Gates and Donna Taylor, confidential informants employed by the Narcotics Task Force, were also in Ellington's car.
[2] Ellington had previously purchased drugs from Spruill at this address.
[3] See T. 60-62 for testimony of the forensic scientist who examined a sample from the rock and determined it was cocaine.