# IN THE COURT OF APPEALS
## OF THE
## STATE OF MISSISSIPPI
### NO. 96-KA-00397 COA

**MICHAEL MCDOUGLE A/K/A MICHAEL W.**                          **APPELLANT**
**MCDOUGLE**

**v.**

**STATE OF MISSISSIPPI**                                                                      **APPELLEE**

### PER CURIAM AFFIRMANCE MEMORANDUM OPINION

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION AND MAY NOT BE CITED,
PURSUANT TO M.R.A.P. 35-B

| | |
|---|---|
| DATE OF JUDGMENT: | 03/18/96 |
| TRIAL JUDGE: | HON. MARCUS D. GORDON |
| COURT FROM WHICH APPEALED: | NESHOBA COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | BENTON REX GORDON, JR. |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: CHARLES W. MARIS, JR. |
| DISTRICT ATTORNEY: | KEN TURNER |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| TRIAL COURT DISPOSITION: | SALE OF COCAINE & SECOND OFFENDER: SENTENCED TO SERVE A TERM OF 35 YRS IN THE MDOC & PAY A FINE OF $10,000. |
| DISPOSITION: | AFFIRMED - 12/16/97 |
| MOTION FOR REHEARING FILED: | denied 12/30/1999 |
| CERTIORARI FILED: | 3/29/2000; dismissed 5/11/2000 |
| MANDATE ISSUED: | 2/4/98 |

BEFORE BRIDGES, C.J., PAYNE AND SOUTHWICK, J.J.

PER CURIAM.

Michael McDougle was convicted of the crime of sale of cocaine and sentenced as a second offender to thirty-five years with the Mississippi Department of Corrections and to pay a fine of $10,000. On appeal to this Court, McDougle contends that the verdict of the jury was against the overwhelming

weight of the evidence and evinces bias and prejudice against McDougle.

On October 27, 1994, Mississippi Bureau of Narcotics Special Agent C. J. Cranford participated in an undercover drug operation in Philadelphia, Mississippi, coordinated by the MBN and officers of the local narcotics task force. At the pre-buy meeting, Agent Cranford was assigned to accompany confidential informant Ronnie Reed in Reed's pickup truck. Reed's role in the undercover drug operation was to introduce Agent Cranford to the alleged drug dealers to enable Agent Cranford to purchase illegal controlled substances in Philadelphia. Surveillance officers monitored Agent Cranford's movements using a concealed body transmitter.

Upon arrival at an area locally known as "The Hill" on Carver Street in Philadelphia, a black 1989 Mustang, bearing Neshoba County tag number NTS 166, stopped at a traffic light beside Reed's pickup truck. Agent Cranford testified that the passenger, identified as Michael McDougle by Reed, asked Reed if Reed wanted a ten, meaning $10 worth of crack cocaine. Reed motioned for McDougle to pull over out of the intersection. McDougle got out of the Mustang and approached the truck. Reed responded, "I think my man wants something." Agent Cranford asked McDougle for a fifty ($50 worth of crack cocaine). McDougle reached in a plastic bag containing several rocks of crack cocaine, pulled out three rocks and placed the three rocks in Reed's hand. Agent Cranford took the crack cocaine from Reed and, leaning across Reed, handed McDougle $50 of official state funds to complete the transaction. Agent Cranford testified that he had a clear view of McDougle's face for approximately one minute during the transaction. Neither Agent Cranford nor the surveillance officers located at the bottom of "The Hill" could see the driver of the Mustang. The three rocks remained in Agent Cranford's custody until the post-buy meeting. At that time, Agent Glenn Knight processed the rocks and placed them in a plastic bag as evidence. Agent Knight turned the rocks over to the East Mississippi Crime Lab, where forensic scientist Patricia Barnes confirmed the rocks contained cocaine.

Agent Cranford identified McDougle by his driver's license photograph the next day at the Mississippi Bureau of Narcotics in Meridian. Tommy Waddell, Chief Investigator for the Philadelphia Police Department, testified that Mary McDougle, Michael McDougle's wife, was the registered owner of the Ford Mustang bearing Neshoba County tag number NTS 166 on October 27, 1994, according to the records in the tax assessor's office.

Testifying for McDougle was Genoveies Stribling, who lived at 243 Carver Avenue on "The Hill." Stribling remembered seeing two white guys in a car riding around the block several times, saw one white guy get out of the car and approach a car in which McDougle was riding, but was uncertain as to whether the transaction was the same event here at issue. Stribling could not recall the particular date or day of the week, only that it was beginning to get cool because he was standing out under a tree.

Mary Helen McDougle testified the car owned by her in October 1994 was a blue Ford Mustang bearing tag no. NTS 166.

On appeal, McDougle argues that the following alleged discrepancies in the testimony require this Court to reverse the jury verdict and order a new trial:

**(1) Agent Cranford's identification of McDougle was unreliable because the drug transaction**

**lasted for approximately one minute several months prior to McDougle's arrest;**

**(2) Agent Cranford noted in his investigative report that the 1989 Ford Mustang in which McDougle was a passenger on October 27, 1994, was the color black;**

**(3) Agent Cranford testified that Reed identified McDougle by name during the transaction, but Agent Cranford did not record the identification by Reed on his investigative report;**

**(4) Agent Cranford was unable to identify the driver of the 1989 Ford Mustang in which McDougle was a passenger;**

**(5) Agent Knight failed to record the serial numbers of the official state funds used in the drug transaction involving McDougle; and**

**(6) Forensic scientist Patricia Barnes is no longer employed with the East Mississippi Crime Lab, and, therefore, the substance analyzed by Barnes had been out of her custody or control for approximately five months prior to trial.**

This Court will not reverse a jury verdict and order a new trial unless it is convinced that the verdict was contrary to the overwhelming weight of the evidence and that to allow it to stand would sanction an unconscionable injustice. *Johnson v. State*, **642 So. 2d 924, 928 (Miss. 1994).** "In determining whether a jury verdict is against the overwhelming weight of the evidence . . . this Court must accept as true the evidence which supports the verdict and will reverse only when convinced that the trial court has abused its discretion in failing to grant a new trial. Any factual disputes are properly resolved by the jury and do not mandate a new trial." *Id.* (citations omitted).

Responding to the alleged discrepancies revealed by McDougle, the jury was free to determine the testimony of Agent Cranford to be trustworthy and found the unequivocal, credible evidence to be that the vehicle assigned Neshoba County tag no. NTS 166 was a 1989 Ford Mustang registered to McDougle's wife; that Agent Knight's failure to record the serial numbers of the official state funds used during the drug transaction was of no consequence due to the nature of the ongoing large scale undercover drug operation in which Agent Cranford and Reed were involved; and that the evidence had not been tampered with or altered since the forensic scientist performed the analysis initially.

There is sufficient evidence in the record to support the jury's finding. There is no merit to McDougle's contention that the verdict of the jury was so contrary to the weight of the evidence as to evince bias and prejudice on the part of the jury.

**THE JUDGMENT OF THE CIRCUIT COURT OF NESHOBA COUNTY OF CONVICTION OF SALE OF COCAINE AND SECOND OFFENDER AND SENTENCE OF THIRTY-FIVE YEARS WITH THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AND PAY A FINE OF $10,000 IS AFFIRMED. ALL COSTS OF APPEAL ARE ASSESSED TO NESHOBA COUNTY.**

**BRIDGES, C.J., McMILLIN AND THOMAS, P.JJ., COLEMAN, DIAZ, HERRING, HINKEBEIN, KING, PAYNE, AND SOUTHWICK, JJ., CONCUR.**