HERRING, Judge,
for the Court:
¶ 1. This case comes to us from the Circuit Court of Copiah County where Joseph McDougle was convicted of the crime of conspiracy to sell a controlled substance. McDougle challenges his conviction on two grounds. First, he claims that there was insufficient evidence of a conspiracy. Second, he asserts that the trial court committed reversible error in admitting certain audio tapes into evidence when those tapes contained information of other crimes or bad acts committed by McDougle. We have examined both of these issues, and finding error, we reverse and render.
A. THE FACTS
¶ 2. During the early months of 1995, the Capital City Metro Narcotics Task Force turned its attention to drug activity in Hazel-hurst, Mississippi. Pursuant to its investiga *661 tions, the authorities enlisted the aid of Ronald Reece as a paid confidential informant. At the time, Reece was on probation for an earlier conviction of aggravated assault. Reece had worked with law enforcement personnel in the past and was familiar with persons involved in the drug trade in Copiah County.
¶ 3. Ron Crew, an agent with the Task Force, coordinated Reece’s undercover activity. Reece was outfitted with an electronic transmitter, and after a search of his automobile and person, drove to the apartment of Terry Owens. Reece informed Owens that he was in need of a supply of marijuana and wanted to know where he could find some. Owens informed Reece that McDougle, the Appellant, might be able to supply him with the marijuana. Reece asked Owens to take him to McDougle, but for some reason Owens was not willing to make the trip. Instead, Owens asked his friend Walter Wans-ley, who was present in his apartment, if he would take Reece to see McDougle. Wans-ley agreed, and he left with Reece to travel to the apartment which McDougle was known to frequent.
¶ 4. Both Reece and Wansley testified that they discussed the purpose of the trip to the apartment where McDougle could be found. In other words, Wansley admitted that he knew why he was accompanying Reece to see McDougle. Upon arrival at the apartment complex, Wansley got out of Reece’s automobile and told him to wait. Wansley then went to an apartment, knocked on the door, and was invited in by McDougle’s female companion, who took Wansley to McDougle. Wansley informed McDougle that he had a man outside who wanted to purchase some marijuana. McDougle responded that he did not have any marijuana at that time, but he nevertheless went outside to meet Reece.
¶ 5. Once McDougle was outside, Reece approached him, and Wansley said “that is the guy.” Wansley then faded into the background, and Reece began negotiating with McDougle for the purchase of a quantity of marijuana. McDougle quoted him a price of “a bill twenty,” which, according to Agent Crew, is drug parlance for $120. Reece agreed on this price, but McDougle told him that he could not get the marijuana for him until the next day. Reece was satisfied with this arrangement with McDougle and left the scene with Wansley. He returned with Wansley to the apartment of Terry Owens.
¶ 6. The next day, Reece attempted to complete the purchase of the marijuana. This time he went to the apartment occupied by McDougle equipped with a radio transmitter and an audio tape recorder. McDougle told him he again did not have anything, but wrote his pager number on a piece of yellow paper and told Reece to page him the next day to remind him to obtain the drugs. Reece followed, these instructions and contacted McDougle a third time. McDougle told Reece that he would have the drugs for him in a little while and also informed Reece where he could be located. However, Reece never saw or heard from McDougle again.
¶ 7. Agent Crew testified that after the last telephone call, McDougle became aware that Reece was a confidential informant and disappeared. Thus, no actual transfer of marijuana was completed, and McDougle could not be charged with the sale of a controlled substance. However, McDougle was subsequently arrested and charged with conspiring with Walter Wansley to sell a controlled substance. As stated, he was convicted of the conspiracy charge and was sentenced to serve three years in the custody of the Mississippi Department of Corrections.
B. THE ISSUES
¶ 8. McDougle raises two issues, which are taken verbatim from the Appellant’s brief:
I. THE TRIAL COURT ERRED IN DENYING DEFENDANT’S MOTION FOR JUDGMENT NOTWITHSTANDING THE VERDICT.
II. THE TRIAL COURT ERRED IN ALLOWING INTO EVIDENCE TAPES WHICH CONTAINED EVIDENCE OF OTHER CRIMES/AND OR BAD ACTS.
C. ANALYSIS
I. DID THE TRIAL COURT ERR IN DENYING DEFENDANT’S MOTION FOR JUDGMENT NOTWITHSTANDING THE VERDICT?
*662 ¶ 9. McDougle’s challenge to the trial court’s decision not to grant his motion for a judgment notwithstanding the verdict tests the sufficiency of. the evidence presented in this case. On the question of whether or not the evidence presented at trial is sufficient to support a conviction on appeal, our Mississippi Supreme Court has recently held:
When on appeal one convicted of a criminal offense challenges the legal sufficiency of the evidence, our authority to interfere with the jury’s verdict is quite limited. We proceed by considering all of the evidence — not just that supporting the case for the prosecution — in the light most consistent with the verdict. We give the prosecution the benefit of all inferences that may reasonably be drawn from the evidence. If the facts and inferences so considered points in favor of the accused with sufficient force that reasonable men could not have found beyond a reasonable doubt that he was guilty, reversal and discharge are required. On the other hand, if there is in the record substantial evidence of such quality and weight that, having in mind the beyond a reasonable doubt burden of proof standard, reasonable and fair minded jurors in the exercise of impartial judgment might have reached different conclusions, the verdict of guilty is beyond our authority to disturb.
Brooks v. State, 695 So.2d 593, 594 (Miss.1997).
¶ 10. In the case sub judice, McDougle argues specifically that the evidence presented was insufficient to establish a conspiracy between Wansley and himself. Although an obvious conspiracy was formed between McDougle and Reece, one cannot be convicted in Mississippi of conspiring with either (1) a law enforcement officer, (2) an agent of law enforcement, (3) or a confidential informant. James v. State, 481 So.2d 805, 809 (Miss.1985). Therefore, the State had no choice but to attempt to establish a conspiracy between McDougle and Wansley. However, Wansley was not involved in direct negotiations for the sale of marijuana, but merely introduced Reece to McDougle.
¶ 11. Section 97-1-1 of the Mississippi Code (Rev.1994) states:
If two (2) or more persons conspire either:
(a) To commit a crime: or
[[Image here]]
(h) To accomplish any unlawful purpose, or a lawful purpose by any unlawful means: such persons, and each of them, shall be guilty of a felony and upon conviction may be punished by a fine of not more than five thousand dollars ($5,000.00) or by imprisonment for not more than five (5) years, or by both.
The Mississippi Supreme Court defines the crime of conspiracy as follows: “Conspiracy is a combination of two or more persons to accomplish an unlawful purpose or to accomplish a lawful purpose unlawfully, the persons agreeing in order to form the conspiracy. The offense is complete without showing an overt act in furtherance of the conspiracy.” Griffin v. State, 480 So.2d 1124, 1126 (Miss.1985). Both of the parties to the conspiracy must understand that “they are entering into a common plan and knowingly intend to further its common purpose.” Id. And finally, “[t]he agreement need not be formal or express, but may be inferred from the circumstances, particularly by declarations, acts, and conduct of the alleged conspirators.” Id.
¶ 12. In the case sub judice, Wansley admitted that he knew that Reece wanted to purchase marijuana and that McDougle was in the business of selling marijuana. He further admitted that he set up the meeting between McDougle and Reece with full knowledge that the purpose of the meeting was to purchase marijuana. However, we must agree with McDougle and hold that there was insufficient evidence to support his conviction. This decision is mandated by Johnson v. State, 642 So.2d 924 (Miss.1994). In Johnson, the Mississippi Supreme Court reversed Johnson’s conviction of conspiracy under facts almost identical to the facts in the case sub judice. Johnson and a man named Spruill were both indicted for conspiracy. Johnson led a confidential informant to Spruill, introduced them and informed Spruill that the confidential informant wanted to purchase drugs. The Mississippi Supreme Court held:
*663 An agreement to sell cocaine could possibly be inferred by the combined acts of Johnson and Spruill, yet there is no evidence that Spruill knew Johnson would bring Ellington or any other cocaine purchaser to his home. Viewing the evidence in the light most favorable to the State, Johnson knew that Spruill sold cocaine, but Ellington also possessed this knowledge; Johnson directed Ellington to Spruill’s house, and accompanied Ellington to the door, knocked on the door, and told Spruill that they wanted to purchase cocaine. Spruill then supplied the cocaine to Ellington. This is insufficient evidence of,the actors’ recognition that they were entering into a common plan and knowingly intended to further its common purpose.
Id. The only differences between the Johnson case and the case before us are that (1) an actual sale took place in Johnson, and (2) the defendant in Johnson was not the potential seller, but the “middle man,” a role played in our case by Wansley. These facts do not serve to distinguish this case from Johnson, and under the clear language set forth in Johnson, we have no choice but to reverse this case. There simply is no evidence that McDougle knew that Wansley would bring potential customers to him in order to facilitate the sale of illegal drugs. As in Johnson, there is insufficient evidence in this case of McDougle’s and Wansley’s recognition that they were entering into a common plan and knowingly intended to further a common purpose.
¶ 13. Because we reverse this case as a result of an insufficiency of the evidence, we must render this case in McDougle’s favor. When reviewing an issue based on a challenge to the legal sufficiency of the evidence, if we find that “the facts and inferences so considered point in favor of the accused with sufficient force that reasonable men could not have found beyond a reasonable doubt that he was guilty, reversal and discharge are required.” Underwood v. State, 708 So.2d 18, 34 (Miss.1998). Under the facts of this case, and the rule set forth in Johnson, the evidence is legally insufficient to support the conviction and reasonable men could not have found McDougle guilty of conspiracy. There is no question for the jury, and therefore McDougle is entitled to a discharge. This case is reversed and rendered.
II. THE TRIAL COURT ERRED IN ALLOWING INTO EVIDENCE TAPES WHICH CONTAINED EVIDENCE OF OTHER CRIMES/AND OR BAD ACTS.
¶ 14. Because we reverse and render, this issue is moot.
¶ 15. THE JUDGMENT OF THE CIRCUIT COURT OF COPIAH COUNTY IS REVERSED AND RENDERED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO COPIAH COUNTY.
BRIDGES, C.J., McMILLIN and THOMAS, P.JJ., and COLEMAN, DIAZ, KING, PAYNE and SOUTHWICK, JJ., concur.
HINKEBEIN, J., not participating.