¶ 35. With respect for the majority's reasoning as to why Dixon should not have been entitled to an instruction on the lesser-included offense of possession, nevertheless, I must dissent. If ever there was a case meriting such an instruction, this is it. The majority, in its denial of the instruction, has in essence concluded that a defendant is not entitled to an instruction for a lesser-included offense where he puts on no witnesses or does not himself testify on behalf of his defense.
 ¶ 36. Dixon was indicted for the possession of cocaine "with intent to sell," and also for the lesser charge of possession of cocaine. The sole and only reason he was charged with intent to sell was because of a written confession he made to Willis, the validity of which he challenged because of a stricken portion and Willis's credibility. How then can Dixon be denied the right to an instruction which would give the jury the option of questioning the validity of his written statement? Had it not been for Dixon's confession, which he refuted through his attorney, there would have been no basis for the charge of "intent to sell".
 ¶ 37. Without being unnecessarily repetitious, a brief review of the facts are needed to support the argument that the instruction for possession should have been granted.
 ¶ 38. Pursuant to a lawful stop, Dixon was found to have been in possession of cocaine and, because of that and an outstanding warrant, was taken into custody by officers McMullen and Morgan. *Page 234 
 ¶ 39. Officer Gartel Willis was called to meet with the two officers at the police department when they brought Dixon in after the arrest. She stated that Officer McMullen handed two separate bags over to her and that it was her responsibility to prepare the evidence for the Mississippi Crime Lab as well as to process Dixon. Willis testified that she read Dixon his Miranda rights and he told her that he had the cocaine because he was using it and selling it. She verified on cross-examination that he stated to her that he was using and selling the particular cocaine that he had in his possession and that he was not referring to using or selling cocaine in general. He then prepared and signed a handwritten statement which said, "On the 10-27-98 I Reginald Dixon was arrested for the charge of posses[s]ion of cocaine. The cocaine that the officer confis[c]ated was mine. The cocaine that I had I was using it and selling it." It is noted that a portion of the statement had been stricken. Willis was questioned on cross-examination regarding the stricken portion and testified that the statement was not coerced or induced in any manner. No witnesses testified on behalf of the defense.
 ¶ 40. As to the propriety of granting a lesser-included instruction, precedent has clearly established that the accused is entitled to a lesser-offense instruction only where there is an evidentiary basis in the record for the instruction. Mease v. State,539 So.2d 1324, 1329-1330 (Miss. 1989); Lee v. State, 469 So.2d 1225,1230 (Miss. 1985). Such instructions should not be granted indiscriminately, Lee, 469 So.2d at 1230, nor on the basis of pure speculation. Fairchild v. State, 459 So.2d 793, 801 (Miss. 1984). Though a party, as of right, is entitled to have the court instruct the jury on an issue when the party has offered evidence sufficient that a rational jury might find for him on the particular issue, McCollum v. State,757 So.2d 982, 984 (Miss. 2000); Armstead v. State, 503 So.2d 281, 285
(Miss. 1987); Lee, 469 So.2d at 1230-31, the defendant must be given the benefit of all doubts regarding the evidence. Lee, 469 So.2d at 1230. Only where the evidence could only justify a conviction on the principal charge should a lesser-included offense instruction be refused. Id.;Ruffin v. State, 444 So.2d 839, 840 (Miss. 1984). Stated otherwise, an instruction should be granted only when there is evidence in the record that would permit a rational juror to find guilt of the lesser offense and absence of guilt on the greater. Hobson v. State, 730 So.2d 20, 26
(¶ 22) (Miss. 1998); Fairchild, 459 So.2d at 801.
 ¶ 41. Looking at the record, there was evidence of possession and intent in both Dixon's written confession and in Willis's testimony that Dixon verbally told her that he used and intended to sell the cocaine that was in his possession. Willis stood firm on cross-examination and, since the defense offered no witnesses, there was no evidence presented to the contrary. However, the issue of possession was argued by defense counsel during closing argument. In Messer v. State, 483 So.2d 338, 340
(Miss. 1986), the court held that a defendant whose testimony was tantamount to a confession that he sold and delivered marijuana was not entitled a to a lesser-included offense instruction because there was not an evidentiary basis for the instruction. Messer is distinguishable in that the admission in that case was made by the testimony of the defendant himself rather than by written admission where the defendant did not testify, as in this case.
 ¶ 42. In assessing the evidence, I believe that there was evidence upon which the jury could have found Dixon guilty of possession without having found him guilty *Page 235 
of intent to sell, thereby meriting the lesser-included instruction. The jury could have found the testimony of the two arresting officers and the security guard who witnessed the incident credible for finding that Dixon was guilty of possession but may not have found the testimony supporting intent to sell as convincing, since that evidence hinged completely upon the credibility of another witness. For it was upon the testimony of Willis that Dixon's oral and written confession to intent rested. The amount of cocaine confiscated, from which intent to sell may be inferred, also hinged on Willis's credibility, since Willis was essentially responsible for the chain of custody transporting the cocaine to the crime lab. In addition, inferences could be drawn from the written confession which included a stricken portion. The instruction for possession thus should have been granted. An instruction should be granted only when there is evidence in the record that would permit a rational juror to find guilt of the lesser-included offense and absence of guilt on the greater. Hobson, 730 So.2d at 26 (¶ 22). Because that is the case, the court's failure to grant the instruction error merits reversal.