SOUTHWICK, P.J.,
for the Court.
¶ 1. Bruce Ferguson was convicted by an Oktibbeha County Circuit Court jury of *370 burglary and aggravated assault and was sentenced to concurrent seven year prison terms. On appeal, Ferguson submits that the lower court erred in failing to grant his motions for directed verdict or judgment notwithstanding the verdict. We disagree and affirm.
STATEMENT OF FACTS
¶ 2. Prior to this incident, Bruce Ferguson and Jacqueline Brewer maintained a stormy relationship for approximately four years. In the months before these events, their relationship was worsened by Ferguson’s affair with a second woman, Carrie Petty. On the morning of September 14, 2001, at Ferguson’s request, Petty drove him to an intersection of Highway 25 in Starkville. Ferguson then proceeded on foot to Brewer’s home. He cut the phone lines leading to the house, then knocked on Brewer’s door, mimicking the voice of a young girl. Brewer, expecting her next-door neighbor, opened the door to find Ferguson. At this point, evidence in the record diverges with the separate theories of the prosecution and the defense.
¶ 3. The State’s case proceeded with Brewer’s testimony. Brewer stated that upon opening the door, Ferguson forced his way into the house, backing Brewer against a wall. Ferguson, enraged at the thought of Brewer taking up with another man, placed a length of rope fashioned into a makeshift noose around Brewer’s neck. Ferguson threatened to kill her. The appearance of the couple’s daughter caused Ferguson to calm down. He even repaired Brewer’s damaged phone line. Petty subsequently arrived and convinced Ferguson to leave with her. The restored telephone enabled Brewer to call for help, and authorities arrived before Petty and Ferguson departed.
¶ 4. Ferguson testified that he cut Brewer’s telephone lines because when the two previously fought, Brewer would often call her friends and “put them in our business.” His impersonation of the young girl was merely an example of their style of “playing.” Ferguson denied breaking into Brewer’s home but did admit backing her against a wall. Ferguson claimed that he did not place the rope around Brewer’s neck but merely shoved it at her while telling her to “quit playing games.” Ferguson testified that Brewer removed his shirt and offered to wash his hair, indicating that the two were not involved in a struggle. Ferguson then repaired the telephone line when Petty arrived.
¶ 5. Sheriffs deputies stopped Petty and Ferguson from leaving Brewer’s house, instructing them to return to Brewer’s driveway. Once the deputies decided to arrest Ferguson, they told him to place his hands on the vehicle. Instead, Ferguson began to run. He went approximately seventy yards before deputies stopped him. He was indicted, tried, and convicted on counts of burglary and aggravated assault. His appeal has been deflected here.
DISCUSSION
¶ 6. Ferguson’s appeal consists solely of an attack on the sufficiency of the evidence. Two different motions were made, both a motion for directed verdict once the prosecution rested, and a post-trial motion for judgment notwithstanding the verdict. Both were denied. Each of these motions challenge the legal sufficiency of the evidence. Our review focuses on the evidence that had been admitted prior to the last such challenge. Johnson v. State, 642 So.2d 924, 927 (Miss.1994). We therefore consider all evidence in the record at trial.
¶ 7. Ferguson notes that the only evidence of the assault came from Brewer’s testimony. Ferguson then points to flaws in that testimony, particularly Brewer’s in *371 ability to recall details of the assault, the absence of any injury to Brewer, Brewer’s admitted failure to obtain medical attention, and evidence of other disputes between the two which suggest the assault might have been exaggerated.
¶ 8. We review all evidence as well as the inferences which may reasonably be drawn in a light most favorable to the State. McClain v. State, 625 So.2d 774, 778 (Miss.1993). We may only reverse, if, under such review, we find that no reasonable juror could assign guilt to the defendant. Id. It was uncontradicted that Ferguson cut Brewer’s phone line and imitated a young neighbor’s voice. Though Ferguson characterizes his intent regarding those actions differently from the theory advanced by the State, we may reasonably infer Ferguson’s intent for wrongdoing consistent to support the jury’s verdict. Ferguson stated that Brewer invited him into her home, then admitted to backing her against a wall. Brewer testified that Ferguson forced the door open. Decisions regarding the weight and worth of conflicting testimony are properly for the jury. Williams v. State, 794 So.2d 1019, 1028 (Miss.2001). There was sufficient evidence on burglary.
¶ 9. With regard to the aggravated assault, Brewer testified that Ferguson placed a length of rope around her neck and pulled it tight. She further testified that Ferguson told her he would kill her. Ferguson admits putting the rope to Brewer’s throat, but denied wrapping it around her neck. Ferguson relies heavily on evidence that when authorities arrived, Brewer did not appear to be injured and that she refused offers of medical assistance. However, proof of injury is not required for guilt of the offense for which Ferguson was charged. Miss. Code Ann. § 97-3-7 (Rev.2000); Gayle v. State, 743 So.2d 392, 403 (Miss.Ct.App.1999). We find that the evidence and attendant inferences provide an ample basis for the jury’s decision of guilt.
IF 10. THE JUDGMENT OF THE CIRCUIT COURT OF OKTIBBEHA COUNTY OF CONVICTION FOR COUNT I, BURGLARY OF AN OCCUPIED DWELLING AND SENTENCE OF SEVEN YEARS; AND COUNT II, AGGRAVATED ASSAULT AND SENTENCE OF SEVEN YEARS ALL IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS WITH THE SENTENCE IN COUNT II TO RUN CONCURRENTLY TO THE SENTENCE IN COUNT I, FIVE YEARS’ POST-RELEASE SUPERVISION, AND FINE OF $1,000 IS HEREBY AFFIRMED. COSTS ARE ASSESSED TO OKTIBBEHA COUNTY.
McMILLIN, C.J., KING, P.J., BRIDGES, THOMAS, LEE, IRVING, MYERS, CHANDLER AND GRIFFIS, JJ„ CONCUR.