# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 97-KA-00656-SCT

*MICHAEL DONNELL WATSON, a/k/a*

*DONNELL WASHINGTON*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 04/21/97 |
| TRIAL JUDGE: | HON. JOHN LESLIE HATCHER |
| COURT FROM WHICH APPEALED: | TUNICA COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | DAVID VANDERBURG |
| ATTORNEYS FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: WAYNE SNUGGS |
| | JEAN SMITH VAUGHAN |
| DISTRICT ATTORNEY: | LAWRENCE Y. MELLEN |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | AFFIRMED - 9/24/98 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 10/15/98 |

**BEFORE SULLIVAN, P.J., McRAE AND SMITH, JJ.**

**SMITH, JUSTICE, FOR THE COURT:**

¶1. On September 19, 1996, the appellant, Michael Donnell Watson, a/k/a Donnell Washington was indicted by the Tunica County, Mississippi Grand Jury for conspiracy to sell a controlled substance, cocaine, and for intent to sell a controlled substance, cocaine, in violation of Miss. Code § 97-1-1 and 41-29-139(a)(1) respectively. Also, indicted with Watson was R.D. Bowdery, a/k/a R.D. Franklin.

¶2. On March 27, 1997, Watson received a jury trial before Circuit Court Judge John L. Hatcher. A jury of his peers found Watson guilty on Count I, Conspiracy to Sell Cocaine, and not guilty on Count II, Intent to Sell Cocaine. Charges as to coconspirator R.D. Bowdery were nolle prossed. Watson was sentenced by Judge Hatcher to serve a term of five (5) years. Said sentence is to run consecutive to any other sentence previously imposed, and Watson is to pay the crime lab fee of two hundred dollars ($200.00) upon release from custody.

¶3. Aggrieved by the conviction and judgement, Watson moved the trial court for a j.n.o.v. and a new trial; the said motion was denied. Watson appeals to the Mississippi Supreme Court, raising the following issues:

**I. WHETHER THE TRIAL COURT ERRED IN DENYING JURY INSTRUCTION D-1, THE PEREMPTORY INSTRUCTION AS TO THE CONSPIRACY TO SELL COCAINE?**

**II. WHETHER THE TRIAL COURT ERRED IN ITS DENIAL OF THE MOTION FOR J.N.O.V. OR IN THE ALTERNATIVE A NEW TRIAL?**

## STATEMENT OF THE FACTS

¶**4.** Jerome Hudson, narcotics supervisor at the Tunica County Sheriff's Department and member of the North Central Narcotics Task Force, and Kerry Ellington, a fellow officer, were in the vicinity of Essie's Place in Prichard in an undercover vehicle**.** The two officers planned to meet a group of males at Essie's Place in an effort to buy crack cocaine.

¶5. When Hudson and Ellington arrived, they gave the double deuce sign indicating that they wanted to purchase either crack cocaine or marijuana. Michael Donnell Washington a/k/a Donnell Watson touched R.D. Franklin and motioned him to come to the undercover car. The officers asked Franklin for a twenty dollar piece of crack cocaine, and Franklin told the officers he would be right back. The officers circled the block while Franklin walked toward Watson; Hudson saw Watson hand something to Franklin. After the officers made the block, Franklin met them in the parking lot with what appeared to be twenty dollars worth of crack cocaine.

¶**6.** Hudson identified both the appellant and Franklin in the courtroom. A copy of the undercover videotape made by the officers was entered into evidence through Officer Kerry Ellington's identification of the tape**.** When Franklin told the officers to make the block, Officer Ellington saw Michael Watson have a conversation with Franklin, and he saw the appellant put his hand in his back pocket. He agreed that it took about two minutes to make the block, and that Hudson then gave Franklin twenty dollars for the alleged crack cocaine. Ellington described the content of the videotape as it was shown to the jury. Ellington testified that he had known only one of the five men in the videotape before the undercover buy that day, and that man was Washington.

¶7. Continuing its proof of the crime, the State put on Edwina Ard, an analyst from the Tupelo Crime Laboratory. She confirmed that the substance in the bag sent to the laboratory was cocaine base in the amount of .12 grams. Finally, the State put on the coconspirator, R. D. Franklin, who testified that on August 15, 1996, he delivered some cocaine to Jerome Hudson. He recognized the substance in the bag as the substance he delivered and told the jury that he gave it to Hudson, who in return gave him twenty dollars. When the sale was completed, Franklin gave the money to Watson, the appellant. Continuing, Franklin stated that he was testifying as part of a plea bargain for the State; however, he did not know what would happen to the charges against him after his testimony. Franklin testified on cross examination that he did not have an arrangement to sell cocaine with anybody. On redirect, however, he stated that Michael Watson was the man who told him to take the cocaine over to the police officer.

¶8. Having been denied a directed verdict of acquittal, Watson put on evidence on his own behalf. Three bystanders testified that they did not see Watson hand Franklin anything. However, there was some doubt as to how they specifically remembered the day in question as it was typical of these witnesses to hang out at Essie's Place daily.

¶9. Following closing arguments, the jury was duly instructed on the applicable law, and after deliberations, it returned a verdict of guilty on Count I for Conspiracy to Sell and not guilty on Count II for Intent to Sell Cocaine.

## LEGAL ANALYSIS

### I. WHETHER THE TRIAL COURT ERRED IN DENYING JURY INSTRUCTION D-1, THE PEREMPTORY INSTRUCTION AS TO THE CONSPIRACY TO SELL COCAINE?

¶10. In his first assignment of error, Michael Donnell Watson alleges that the trial judge erred in refusing to give instruction D-1, a peremptory instruction on the conspiracy charge. The requested instruction reads as follows: "The court instructs the jury to find the Defendant not guilty on Count 1 and Count 2."

¶11. Watson argued in his motion for a directed verdict at the close of the State's case in chief and again at the close of all evidence presented to the jury that the State failed to establish a prima facie case of conspiracy to sell cocaine. Watson proposed that there was no agreement between the appellant and R.D. Franklin, stating, "[t]here was no meeting of the minds or union of the minds of the alleged conspirators." He relies on the fact that Franklin, the State's own witness, testified under cross examination that he did not agree to sell cocaine with anybody.

¶12. In *May v. State*, 460 So. 2d 778, 780-81 (Miss. 1984), this Court found that the standard of review for overruling the peremptory instruction is the same as that of a motion for a directed verdict or a j.n.o.v., each of which tests the sufficiency of the evidence as a matter of law, viewing the evidence in a light most favorable to the verdict. As this Court has stated:

> Under the established case law, the trial judge should set aside a jury's verdict only when, in the exercise of his sound discretion, he is convinced that the verdict is contrary to the substantial weight of the evidence. *Pearson v. State*, 428 So. 2d 1361, 1364 (Miss.1983).

*Id.* at 781.

¶13. In the case *sub judice* the trial judge correctly stated the standard of review for overruling the peremptory instruction, finding that the evidence in the light most favorable to the State allowed the reasonable inference that there was a verbally expressed agreement constituting conspiracy. The judge also commented that the agreement could be proved by the conduct of the parties.

¶14. Miss. Code Ann. § 97-1-1 (1994) provides that the crime of conspiracy is committed when two or more persons conspire to commit a crime or to accomplish any unlawful purpose. "Each alleged conspirator must recognize that he is joining the other in a common plan and '[e]ach must intend to further a common and unlawful purpose.'" *Johnson v. State*, 642 So. 2d 924, 928 (Miss. 1994)

(*quoting Taylor v. State*, 536 So. 2d 1326, 1328 (Miss. 1988)); *see also Watson v. State*, 521 So. 2d 1290, 1293 (Miss. 1988). The law on conspiracy provides that:

> For there to be a conspiracy, "there must be recognition on the part of the conspirators that they are entering into a common plan and knowingly intend to further its common purpose." The conspiracy agreement need not be formal or express, but may be **inferred from the circumstances**, particularly by declarations, acts, and conduct of the alleged conspirators. Furthermore, the existence of a conspiracy, and a defendant's membership in it, may be **proved entirely by circumstantial evidence**.

*Franklin v. State*, 676 So. 2d 287, 288 (Miss. 1996) (*quoting Nixon v. State*, 533 So. 2d 1078, 1092 (Miss. 1987); *Mitchell v. State*, 572 So. 2d 865, 867 (Miss. 1990)) (emphasis added).

¶15. Legally sufficient evidence is proof of each of the elements of the crime to convince a rational finder of fact that the defendant is guilty beyond a reasonable doubt. If the evidence is sufficient, the trial judge must overrule the request for peremptory instruction. *Bullock v. State*, 391 So. 2d 601, 606 (Miss. 1980) (*citing Warn v. State*, 349 So. 2d 1055 (Miss. 1977); *Toliver v. State*, 337 So. 2d 1274 (Miss. 1976)).

¶**16.** Watson alleges, "[t]here was no recognition on the part of Watson or Bowdery that they were entering into a common plan and knowingly intended to further its common purpose." He maintains that there is no direct evidence of Watson and Franklin's intent to commit conspiracy to sell cocaine. Such an allegation is without merit since this Court has stated that direct evidence is not required to meet conspiracy. *See Franklin,* 676 So. 2d at 288; *Nixon*, 533 So. 2d at 1092; *Mitchell*, 572 So. 2d at 867.

¶**17.** The evidence showed through the testimony of the co-conspirator Franklin that he took direction from Watson in obtaining twenty dollars of cocaine from the undercover officers. Additionally, the officers testified that Watson tapped Franklin and physically directed him toward the officers to determine what type of drugs the officers wanted by their hand signal of a double deuce. The State merely had to show an agreement between the two parties, which was demonstrated by the testimony of the witnesses and the videotape. Moreover, the testimony of the forensic analyst from the crime lab established the fact that the white substance traded for the twenty dollars was cocaine.

¶**18.** The fact that Franklin's testimony contained contradictions does not negate the resulting jury verdict. The State often must rely on the testimony of coconspirators in order to prove its case as was so aptly stated by the First Circuit in review of a conviction of conspiracy to possess cocaine with intent to distribute:

> Relatedly, the appellant bewails certain contradictions in [the co-conspirator's]testimony, concluding that these contradictions rendered his testimony inherently unreliable. . . Court cases, however, are not choreographed with the precision of a ballet. Some degree of contradiction is commonplace and, for the most part, the judicial system relies upon devices such as the cross-examiner's vigor, the juror's common sense, and the trial judge's practiced intuition to separate grain from chaff.

*United States v. Laboy-Delgado*, 84 F. 3d 22, 27-28 (1st Cir. 1996). Additionally, this Court has

determined that a coconspirator's testimony is enough to sustain a conviction. It should be noted, however, that this general rule is inapplicable where the testimony is unreasonable, self-contradictory, or substantially impeached. ***Flanagan v. State***, 605 So. 2d 753, 757 (Miss. 1992).

**¶19.** In the case *sub judice*, Franklin had contradictions in his testimony that appeared to be more of confusion than of substance--a fact that can be inferred from his confusion about the charges against him. Also, Franklin's lack of knowledge about the particulars of the plea bargain adds to his credibility as a witness. Checks and balances were fully in place here. It was for the jury to decide which statements of Franklin's to believe or, indeed, whether to believe Franklin at all. This Court has held in many cases that when the evidence is conflicting, the jury will be the sole judge of the credibility of witnesses and the weight and worth of their testimony:

> We have repeatedly held that in a criminal prosecution the jury may accept the testimony of some witnesses and reject that of others, and that they may accept in part and reject in part the evidence on behalf of the state or on behalf of the accused. In other words, the **credibility of witnesses is not for the reviewing court**.

***Gathright v. State***, 380 So. 2d 1276, 1278 (Miss. 1980) (citations omitted) (emphasis added).

**¶20.** The record indicates that Watson directed Franklin to find out what the officers wanted. Furthermore, Franklin clearly stated that Watson gave the cocaine to him to sell to Hudson. Watson cannot argue that he was a bystander since the evidence showed that he was the organizer of the exchange. Viewing the evidence in the light most favorable to the verdict, the trial judge was well within his discretion in refusing the peremptory instruction. This court will not overturn the trial court's finding of fact that the evidence was legally sufficient unless clearly erroneous. The appellant has failed to overcome the presumption that the trial court's ruling was correct. Clearly, this proposition is without merit; the trial court did not err in denying the peremptory instruction.

### II. WHETHER THE TRIAL COURT ERRED IN ITS DENIAL OF THE MOTION FOR J.N.O.V. OR IN THE ALTERNATIVE A NEW TRIAL?

¶21. Appellant makes the same allegations as he did in his argument concerning the peremptory instruction. Mainly, Watson contends that the State failed to prove, beyond a reasonable doubt, a prima facie case of guilt as to Count I, Conspiracy to Sell Cocaine. It is the appellant's own position that the State's own witness, Franklin, testified that there was no agreement to sell cocaine. Moreover, Watson argues, "[t]he jury cannot find the Defendant guilty of Count I, Conspiracy to Sell Cocaine, and not guilty as to Count II, Sale of Cocaine."

¶22. The complaint that the j.n.o.v. was wrongly denied is addressed under the analysis of the denial of peremptory instruction since review of denial of peremptory instruction and j.n.o.v. are essentially the same. *See* ***May v. State***, 460 So. 2d 778, 780-81 (Miss. 1984). The proof of each is that there was an agreement between Franklin and Watson, and that each was aware of the verbal agreement to sell cocaine as was illustrated by their conduct.

¶23. "The standard of review of a post-trial motion is abuse of discretion." ***Flowers v. State***, 601 So. 2d 828, 833 (Miss. 1992) (*citing* ***Robinson v. State***, 566 So. 2d 1240, 1242 (Miss. 1990)). As stated in ***Johnson v. State***, 642 So. 2d 924 (Miss. 1994), "[a] motion for new trial is discretionary with the

trial judge and this Court will not order a new trial unless it is convinced that the verdict is so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice." ***Johnston***, 642 So. 2d at 928 (*citing* ***McNeal v. State***, 617 So. 2d 999, 1009 (Miss. 1993); ***Burrell v. State***, 613 So. 2d 1186, 1191 (Miss. 1993); ***Pierre v. State***, 607 So. 2d 43, 54 (Miss. 1992); ***Alexander v. State***, 602 So. 2d 1180, 1183 (Miss. 1992); ***Parker v. State,*** 606 So. 2d 1132, 1140 (Miss. 1992)).

¶24. In determining whether a jury verdict is against the overwhelming evidence, just as when determining whether a peremptory instruction is proper, "this Court must accept as true the evidence which supports the verdict and will reverse only when convinced that the trial court has abused its discretion in failing to grant a new trial." ***Johnson***, 642 So. 2d at 928 *(citing* ***Nicolaou v. State***, 612 So. 2d 1080, 1083 (Miss. 1992); ***Parker***, 606 So. 2d at 1140; ***Alexander***, 602 So. 2d at 1184). "Any factual disputes are properly resolved by the jury and do not mandate a new trial." ***Johnson***, 642 So. 2d at 928;(*citing* ***McNeal***, 617 So. 2d at 1009; ***Burrell***, 613 So. 2d at 1192).

¶25. Although the appellant argues that the jury cannot find the defendant guilty of Count I, Conspiracy to Sell Cocaine, and not guilty as to Count II, Sale of Cocaine, such an allegation lacks merit. This Court held in ***Davis v. State***, 485 So. 2d 1055, 1057-58 (Miss. 1986), "[c]onspiracy is a complete offense in itself, distinct from the commission of the crime contemplated by the conspiracy and does not become merged with that crime."

¶26. The circumstantial evidence in this case supports the verdict of guilty of conspiracy to sell cocaine. Factual disputes were properly resolved by the jury. This guilty verdict against Watson is not against the overwhelming weight of evidence, and no unconscionable injustice will result if this verdict remains undisturbed. The trial judge did not abuse his discretion in denying Watson's motion for a new trial.

¶27. This Court affirms the trial judge's denial of j.n.o.v. and Motion for a New Trial.

## CONCLUSION

¶28. Conspiracy may be proved by circumstantial evidence. The evidence in the case at bar showed through the testimony of the State's witnesses and the coconspirator Franklin that Watson gave Franklin the twenty dollars worth of cocaine to hand to the undercover agents. Viewing the evidence in the light most favorable to the verdict, the trial judge was well within his discretion in refusing the peremptory instruction. This Court will not overturn the trial court's finding of fact that the evidence was legally sufficient unless clearly erroneous. Watson failed to overcome the presumption that the trial court's ruling was correct. The trial court was not erroneous in denying jury instruction D-1, the peremptory instruction as to the conspiracy to sell cocaine.

¶29. This Court affirms the trial judge's denial of j.n.o.v. and Motion for a New Trial. Like the analysis of the denial of the peremptory instruction, there is sufficient proof that the j.n.o.v. and Motion for New Trial were not wrongly denied. There was an agreement between Franklin and Watson; each was aware of the verbal agreement to sell cocaine as was illustrated by their conduct.

**¶30. COUNT I: CONVICTION OF CONSPIRACY AND SENTENCE OF FIVE (5) YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AND**

**PAYMENT OF A $200.00 FEE AFFIRMED. THE SENTENCE IMPOSED IN THIS CAUSE SHALL RUN CONSECUTIVELY WITH ANY AND ALL SENTENCES PREVIOUSLY IMPOSED.**

**PRATHER, C.J., SULLIVAN AND PITTMAN, P.JJ, BANKS, McRAE, ROBERTS, MILLS AND WALLER, JJ., CONCUR.**