756 So.2d 850 (2000)
Albert JAMES a/k/a Albert James Jr., Appellant,
v.
STATE of Mississippi, Appellee.
No. 1998-KA-01330-COA.
Court of Appeals of Mississippi.
February 8, 2000.
*851 Azki Shah, Clarksdale, Attorney for Appellant.
Office of the Attorney General by Jeffrey A. Klingfuss, Attorney for Appellee.
BEFORE SOUTHWICK, P.J., DIAZ, LEE, AND PAYNE, JJ.
LEE, J., for the Court:
¶ 1. This appeal is from the Circuit Court of Coahoma County wherein the appellant, Albert James, was found guilty, after a trial by jury, of the crime of burglary as an habitual offender in violation of Miss.Code Ann. §§ 97-17-33 and 99-19-81 (Rev.1994). Consequently, the appellant was sentenced to serve seven years imprisonment as an habitual offender. The appellant asserts as the basis of this appeal that the lower court erred in denying his motion for judgment notwithstanding the verdict, or in the alternative, for a new trial, claiming that the verdict was against the overwhelming weight of the evidence.
¶ 2. The facts in this case are quite simple. Three males broke into a business by cutting a hole through the roof of the building. A vigilant neighbor saw the three males inside the building late one night at an hour when she knew the business was closed. The neighbor called the police, and two of the three men were apprehended immediately. These two men then implicated the appellant in the burglary. The appellant denies involvement in the burglary.
¶ 3. In essence, the gist of this appeal lies in the State's reliance on the testimony of the two accomplices as evidence implicating the appellant. The appellant challenges the verdict claiming that the testimony of these two accomplices is insufficient and lacking in credibility to support the jury verdict. He asserts that if he were in the building during the crime, that he would have been arrested with the other two accomplices. He also claims that the neighbor, who was the only eyewitness to the crime, did not see the faces of the three men she said she saw in the store and, therefore, could not identify James as the third person. The law is clear regarding such testimony. Mason v. State, 429 So.2d 569, 571 (Miss.1983), held that "the uncorroborated testimony of an accomplice may be sufficient to convict an accused." Moreover, the record shows that the testimony of the accomplices was corroborated in many material respects. The fact that there were three people in the store was corroborated by the neighbor who called the police. Further, each accomplice said that it was the defendant who aided them in the burglary. Also, a search warrant led to the discovery of recently stolen items from the business at the apartment of the defendant. These items were identified by the owner of the business. The defendant essentially claimed alibi at the trial; however, his claim was not supported by any evidence.
¶ 4. Though the defendant denied that he was involved in the burglary, inconsistencies or contradictions in testimony are clearly in the jury's province, and we refuse to reverse on such grounds. Evans v. State, 460 So.2d 824, 827 (Miss. 1984). It is the duty of the jurors to resolve conflicts in the testimony presented. Groseclose v. State, 440 So.2d 297, 300 (Miss.1983).
¶ 5. We thus conclude that not only was the testimony of the accomplices of sufficient weight to support the verdict, but there was also corroboration of the evidence by independent witnesses and physical evidence as well. We, therefore, find no reversible error and affirm the Circuit Court of Coahoma County.
¶ 6. THE JUDGMENT OF THE CIRCUIT COURT OF COAHOMA COUNTY OF CONVICTION OF BURGLARY OF A BUILDING AND SENTENCE AS A *852 HABITUAL OFFENDER TO A TERM OF SEVEN YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS TO RUN CONSECUTIVE TO ANY AND ALL SENTENCES PREVIOUSLY IMPOSED IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO COAHOMA COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, DIAZ, IRVING, MOORE, PAYNE, AND THOMAS, JJ., CONCUR.