764 So.2d 457 (2000)
Therron Lamont HERVEY, Appellant,
v.
STATE of Mississippi, Appellee.
No. 1999-KA-00578-COA.
Court of Appeals of Mississippi.
February 29, 2000.
Rehearing Denied May 16, 2000.
Certiorari Denied August 17, 2000.
*458 David L. Walker, Southaven, Attorney for Appellant.
Office of the Attorney General by Charles W. Maris, Jr., Attorney for Appellee.
BEFORE KING, P.J., DIAZ, AND IRVING, JJ.
*459 DIAZ, J., for the Court:
¶ 1. The Panola County Circuit Court convicted Therron Lamont Hervey of conspiracy to sell cocaine. On appeal, Hervey contends that (1) the trial court's failure to exclude the testimony of the confidential informant who had been promised leniency in exchange for his testimony violated the federal witness tampering statute; and (2) that the trial court erred in granting the State's for cause challenges to three prospective jurors who found the law enforcement practice of using drug offenders as confidential informants to be inherently unfair. Finally, Hervey challenges (3) the weight and sufficiency of the evidence. Finding no merit to his assertions, we affirm.

FACTS
¶ 2. On June 16, 1998, officers with the Panola-Tate Narcotics Task Force were conducting undercover drug sting operations. Willie James Parker, a confidential informant working with the task force, was instructed to purchase drugs from Keissha Smith, a suspected drug dealer and acquaintance of Parker's. Equipped with a radio transmitter, Parker entered Smith's home and was directed to her bedroom where he found Smith and her boyfriend, Therron Lamont Hervey. Smith asked Parker what he wanted, and Parker responded that he wished to purchase two rocks of crack cocaine. Hervey then retrieved a matchbox containing crack cocaine and instructed Smith to serve Parker. Smith gave Parker two rocks of cocaine in exchange for twenty-five dollars. Parker left Smith's home and turned the cocaine over to narcotics agents.
¶ 3. Hervey was indicted on one count of conspiracy to sell cocaine and one count of the sale of cocaine. Following a trial held in the Panola County Circuit Court, the jury convicted Hervey of conspiracy to sell cocaine. Hervey was sentenced to serve a term of ten years in the custody of the Mississippi Department of Corrections.

DISCUSSION

I. WHETHER THE TRIAL COURT ERRED IN REFUSING TO EXCLUDE THE TESTIMONY OF THE CONFIDENTIAL INFORMANT, WILLIE JAMES PARKER, IN VIOLATION OF THE FEDERAL WITNESS TAMPERING STATUTE
¶ 4. Hervey claims that the trial court erred in allowing the confidential informant, Willie James Parker, to testify as to his involvement in the drug transaction. He points to the fact that law enforcement officials promised Parker he would not be prosecuted for his own past drug violations if he participated in the undercover operation. Hervey argues this promise of leniency violates the federal witness tampering statute.
¶ 5. In support of his argument, Hervey relies upon United States v. Singleton, 144 F.3d 1343 (10th Cir.1998). In Singleton, the court found that the United States Attorney violated the federal witness tampering statute by offering lenience to a codefendant in exchange for truthful testimony. Id. at 1358. Singleton, however, has since been vacated by the Tenth Circuit Court of Appeals sitting en banc. United States v. Singleton, 165 F.3d 1297, 1301 (10th Cir.1999). Other federal courts addressing the issue have similarly declined to apply the federal witness tampering statute to plea bargain agreements between prosecutors and co-defendants. United States v. Hunte, 193 F.3d 173, 176 (3rd Cir.1999); United States v. Carroll, 166 F.3d 334, 1998 WL 801880 (4th Cir. Nov. 19, 1998) (unpublished disposition); United States v. Haese, 162 F.3d 359, 366-67 (5th Cir.1998); United States v. Ware, 161 F.3d 414, 421-22 (6th Cir.1998); United States v. Mitchell, 178 F.3d 904, 909 (7th Cir.1999); United States v. Garcia, 785 F.2d 214, 220-21 (8th Cir.1986); United States v. Briones, 165 F.3d 918, 918, 1998 WL 863026 (9th Cir.1998); United *460 States v. Lowery, 166 F.3d 1119, 1124 (11th Cir.1999).
¶ 6. We decline to find that the federal witness tampering statute is applicable to agreements between state and local authorities and drug violators employed as confidential informants in exchange for leniency. The statute provides that "Whoever ... (2) directly or indirectly, gives, offers or promises anything of value to any person, for or because of the testimony under oath or affirmation given or to be given by such person as a witness upon a trial ... before any court, any committee of either House or both Houses of Congress, or any agency, commission, or officer authorized by the laws of the United States to hear evidence or take testimony, or for or because of such person's absence therefrom ... shall be fined under this title or imprisoned for not more than two years, or both." 18 U.S.C. § 201(c)(2) (1994). By its terms, the statute does not apply to agreements such as the one in the instant case.
¶ 7. Hervey points to no Mississippi cases prohibiting the use of confidential informants who have been promised leniency in exchange for participation in undercover drug operations. Moreover, Parker's motivation for participating in the undercover operation was adequately brought out by defense counsel on cross-examination. We find no error.

II. WHETHER THE TRIAL COURT ERRED IN ALLOWING THE STATE TO EXERCISE CHALLENGES FOR CAUSE AGAINST THREE POTENTIAL JURY MEMBERS
¶ 8. During voir dire of the potential jury members, the State asked "[D]oes anyone think it's unfair for the law enforcement officers to use an individual who has been caught with dope to buy dope from someone else?" Three veniremen, Ellis, Jones, and Hamilton, responded affirmatively. The State then exercised three for cause challenges based on their responses, arguing that the potential jurors were not impartial. Hervey objected, contending that striking these potential jurors from the venire would deny him his due process right to a fair and impartial jury in accordance with both the state and federal constitutions. The trial judge overruled Hervey's objection and allowed the State to strike the veniremen for cause, finding that "the law in this state today as we try this case is that persons such as Mr. Parker can be used legally." He further explained that the potential jurors' responses "indicate[d] a mindset that [they] would have going into the jury box, that this type of case is unfair...."
¶ 9. Mississippi Code Annotated § 13-5-79 (1972) provides, "Any juror shall be excluded ... if the court be of the opinion that he cannot try the case impartially, and the exclusion shall not be assignable as error." The Mississippi Supreme Court has interpreted this statute literally, holding that "once the judge exercised his discretion and determined that the jurors probably could not be impartial, then the determination may not be assigned on appeal as an error." Coverson v. State, 617 So.2d 642, 646 (Miss.1993). Accordingly, this assignment of error is procedurally barred.
¶ 10. Notwithstanding the procedural bar, Hervey has not proven that the trial judge abused his discretion in allowing the State to exercise for cause challenges against the three veniremen. The trial court has substantial discretion in this area. Bell v. State, 725 So.2d 836 (¶ 14) (Miss.1998). Because the trial judge hears and sees the individual jurors, he is in the better position to evaluate their responses and determine whether or not they should be excluded for cause. Wells v. State, 698 So.2d 497, 501 (Miss.1997). Thus, "[t]he determination of whether a juror is fair and impartial is a judicial question, and will not be set aside unless such determination is clearly wrong." Taylor v. State, 672 So.2d 1246, 1264 (Miss.1996).
*461 ¶ 11. "A juror who may be removed on a challenge for cause is one against whom a cause for challenge exists that would likely affect his competency or impartiality at trial." Berry v. State, 703 So.2d 269 (¶ 85) (Miss.1997). The veniremen stated that they believed that the State's practice of using drug offenders in undercover drug sting operations was unfair and indicated a prejudice against the State. The better course of action for Hervey would have been to follow up on the veniremen's responses and confirm their ability to try the case fairly and impartially in spite of their beliefs. The trial judge did not err in allowing the State to strike the veniremen for cause.

III. WHETHER THE TRIAL COURT ERRED IN DENYING HERVEY'S MOTION FOR A NEW TRIAL OR, IN THE ALTERNATIVE, HIS MOTION FOR A JUDGMENT NOTWITHSTANDING THE VERDICT

A. SUFFICIENCY OF THE EVIDENCE
¶ 12. Hervey contends that the evidence was insufficient to establish that he and Keissha Smith conspired to sell cocaine to the confidential informant, Willie James Parker. Hervey maintains the fact that he allegedly instructed Smith to sell drugs to Parker does not support a finding that he and Smith entered into a common plan or agreement to sell cocaine. Hervey further asserts that there was no proof he owned the cocaine or that he received any financial benefit from its sale.
¶ 13. Motions for directed verdict and motions for a judgment notwithstanding the verdict challenge the sufficiency of the evidence. In reviewing a challenge to the sufficiency of the evidence, this Court views the evidence in the light most favorable to sustaining the conviction. McClain v. State, 625 So.2d 774, 778 (Miss.1993). We may not reverse unless the State's proof as to one or more of the elements of the offense charged is so deficient that a reasonable and fair-minded juror could only find the accused not guilty. Id.
¶ 14. Mississippi Code Annotated § 97-1-1 (Rev.1994) provides that "If two (2) or more persons conspire either: (a) To commit a crime: or ... (h) To accomplish any unlawful purpose, or a lawful purpose by any unlawful means: such persons, and each of them, shall be guilty of a felony...." The Mississippi Supreme Court defines the crime of conspiracy as follows: "Conspiracy is a combination of two or more persons to accomplish an unlawful purpose or to accomplish a lawful purpose unlawfully, the persons agreeing in order to form the conspiracy. The offense is complete without showing an overt act in furtherance of the conspiracy." Griffin v. State, 480 So.2d 1124, 1126 (Miss.1985). Both of the parties to the conspiracy must understand that "they are entering into a common plan and knowingly intend to further its common purpose." Id. And finally, "[t]he agreement need not be formal or express, but may be inferred from the circumstances, particularly by declarations, acts, and conduct of the alleged conspirators." Id. (emphasis added).
¶ 15. In the case at bar, the confidential informant testified that upon entering Smith's residence, he was directed to a bedroom, where he found Smith and Hervey. Smith then asked the informant what he wanted, and the informant responded that he wanted to purchase two rocks of crack cocaine. According to the informant, Hervey then retrieved a matchbox and directed Smith to "serve" him. The informant then purchased two rocks of cocaine for twenty-five dollars.
¶ 16. Agent James Jones listened to the transaction over the radio transmitter with which the informant had been equipped. He testified that he heard the informant ask "Can I get 25," meaning twenty-five dollars worth of crack cocaine. Agent Jones admitted that a television began playing loudly at that point. However, he *462 stated that he was able to hear Hervey "saying something to the nature of: Serve him, Keissha." Agent Jones further testified that he had known Hervey for several years and was familiar with his voice. He stated unequivocally that the voice heard on the tape recording is Hervey's. Based on the testimony of both the informant and Agent Jones, and all of the other evidence presented at trial, we find that there was sufficient evidence to sustain the conviction.
¶ 17. The supreme court rejected a defendant's claim that there was insufficient evidence to support a finding of a conspiracy to sell cocaine in Watson v. State, 722 So.2d 475 (¶ 20) (Miss.1998). In that case, undercover narcotics agents indicated to the defendant, Watson, that they wished to purchase crack cocaine or marijuana. Id. at (¶ 5). Watson motioned another individual, Franklin, to approach the agents' vehicle. Id. The agents then asked Franklin for a twenty dollar piece of cocaine and watched as Franklin approached Watson who handed him cocaine. Id. Franklin then met the officers with twenty dollars worth of cocaine. Id. Watson was convicted of conspiring with Franklin to sell cocaine. Id. at (¶ 9).
¶ 18. On appeal, Watson contended he and Franklin never agreed to sell cocaine, stating "[t]here was no meeting of the minds or union of the minds of the alleged conspirators." Id. at (¶ 11). The supreme court rejected his claim and found that "[t]he evidence showed through the testimony of the co-conspirator Franklin that he took direction from Watson in obtaining twenty dollars of cocaine from the undercover officers.... The State merely had to show an agreement between the two parties, which was demonstrated by the testimony of the witnesses and the videotape." Id. at (¶ 17).
¶ 19. In the present case, the informant testified that when he requested two rocks of crack cocaine, Hervey retrieved the matchbox containing cocaine. Moreover, both the informant and the undercover agent testified that Hervey then directed Smith to "serve" the informant. This evidence was sufficient to sustain a finding that Hervey and Smith conspired to sell cocaine to the informant.
¶ 20. Hervey nonetheless argues his conviction violates the rule established in Johnson v. State, 642 So.2d 924 (Miss. 1994). There, an undercover agent asked Johnson if he knew where he could find some cocaine. Johnson indicated that he did and got inside the agent's vehicle. Id. at 926. Johnson and the agent, along with two confidential informants, drove to the home of Jimmy Spruill. Id. When Spruill answered the door, Johnson, accompanied by the agent, told Spruill that he wanted some crack cocaine. Spruill then gave the agent a rock of cocaine in exchange for fifty dollars. Id. Johnson was convicted of conspiracy to sell cocaine to the undercover agent. Id. at 926.
¶ 21. The supreme court reversed Johnson's conspiracy conviction, finding that there was no evidence Spruill knew that Johnson would bring the undercover agent or any other cocaine purchasers to his home. Id. at 928. The court went onto explain "Johnson directed [the undercover agent] to Spruill's house, and accompanied [the agent] to the door, knocked on the door, and told Spruill that they wanted to purchase cocaine. Spruill then supplied the cocaine to [the agent]. This is insufficient evidence of the actors' recognition that they were entering into a common plan and knowingly intended to further its common purpose." Id. at 928.
¶ 22. In the instant case, Hervey did not bring the informant to Smith's home and stand idly by while Smith sold cocaine to the informant. Hervey retrieved the matchbox containing cocaine and directed Smith to "serve" the informant. There is sufficient evidence that Hervey knew that he and Smith had entered into a common plan to sell cocaine to the informant.
¶ 23. As for Hervey's claim that the State failed to prove he either owned *463 the cocaine or that he received any financial benefit from its sale, the supreme court has held that it is not necessary that the prosecution prove that a defendant exercised dominion or control over the cocaine or that he personally profited from its sale in order to convict him of the sale of cocaine. Turner v. State, 573 So.2d 1340, 1342 (Miss.1990) (citing Miss.Code Ann. § 97-1-3 (1972)). Similarly, neither dominion or control nor personal profit are elements of the crime of conspiracy. Miss. Code Ann. § 97-1-1 (Rev.1994).

B. WEIGHT OF THE EVIDENCE
¶ 24. A motion for a new trial challenges the weight of the evidence. In determining whether a verdict is against the overwhelming weight of the evidence and a new trial should be granted, this court must view all evidence in the light most consistent with the jury verdict. Veal v. State, 585 So.2d 693, 695 (Miss. 1991). Furthermore, the supreme court has held that a new trial may be granted only when "the verdict is so contrary to the overwhelming weight of the evidence that, to allow it to stand, would be to sanction an unconscionable injustice." May v. State, 460 So.2d 778, 781 (Miss. 1984).
¶ 25. We have already recounted the testimony that Hervey obtained the matchbox of cocaine and directed Smith to serve the informant. This was sufficient evidence from which the jury could find that Hervey conspired with Smith to sell cocaine to the informant. The jury's verdict was not against the overwhelming weight of the evidence.
¶ 26. THE JUDGMENT OF THE PANOLA COUNTY CIRCUIT COURT OF CONVICTION OF CONSPIRACY TO SELL COCAINE AND SENTENCE OF TEN YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AND FINE OF $1,000 IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO APPELLANT.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, IRVING, LEE, MOORE, PAYNE, AND THOMAS, JJ., CONCUR.