790 So.2d 230 (2001)
James Wesley BRIDGES, Appellant
v.
STATE of Mississippi, Appellee.
No. 2000-KA-00222-COA.
Court of Appeals of Mississippi.
July 17, 2001.
*231 David M. Holly, Greenwood, for Appellant.
Office of the Attorney General by Dewitt T. Allred III, for Appellee.
Before KING, P.J., PAYNE, LEE, and CHANDLER, JJ.
PAYNE, J., for the Court:

PROCEDURAL HISTORY
¶ 1. In March 1999, James Wesley Bridges was indicted in the Leflore County Circuit Court on two counts: aggravated assault and attempted rape. A jury found Bridges not guilty of attempted rape, but guilty of aggravated assault. Bridges was sentenced to serve fourteen years with the Mississippi Department of Corrections, with four years suspended upon placement in the intensive supervision program. At the close of the State's case, Bridges moved for a directed verdict, which was denied. His motion for new trial was also denied. Aggrieved, Bridges now appeals to this Court.

FACTS
¶ 2. On the evening of October 22, 1998, in Greenwood, Mississippi, James Wesley Bridges approached the home of seventy-two year-old Alma Faye Martin. Bridges told Martin that his car was broken down, and he asked Martin for the use of her phone or for a ride. Martin told Bridges that she had no phone, nor did she have enough gas to drive Bridges to another place. The two sat on her porch for a bit, then Bridges asked Martin for a glass of water, and she entered her house to get the water. When she returned to the porch with the water, Bridges dropped his pants and made suggestive gestures to Martin; Martin then told Bridges to leave. Bridges hit Martin over the head with a mop handle that was on the porch, then grabbed her and pulled her out into the yard, threatening to kill her if she yelled. Bridges tried to remove Martin's clothes, but L.T. Matthews, a neighbor, came over with a flashlight to see what was causing the commotion, which sent Bridges running away. Martin was examined at the hospital and was told she had suffered a concussion. We review Bridges's issues on appeal and find no error. Thus, we affirm.

ANALYSIS OF THE ISSUES

STANDARD OF REVIEW
¶ 3. Bridges cites two issues in his brief, one concerning weight of the evidence and *232 the other concerning the trial court's denial of his motion for directed verdict and the court's refusal to grant one of his jury instructions. In reading his brief, though, his arguments fail to mirror the headings he assigned. Our review of the briefs reveals that Bridges makes a basic argument that the sufficiency of the evidence did not support the trial court's denying both his motion for directed verdict and for peremptory instructions. Bridges also refers to "weight of the evidence," which is challenged by a motion for new trial, but he makes no substantive argument on this topic even though the record shows a denial of each motion. Accordingly, we address those matters Bridges does raise in his brief in what we deem to be an organized and logical discussion with the following headings:
I. WAS THE EVIDENCE SUFFICIENT TO SUPPORT THE VERDICT?
II. WAS THE MOTION FOR NEW TRIAL IMPROPERLY DENIED AND DID AN UNCONSCIONABLE INJUSTICE RESULT DUE TO THE TRIAL COURT'S DENYING SUCH MOTION?
¶ 4. Procedurally, we first note that Bridges moved for a directed verdict at the close of the State's case, which the court denied. At the close of all the evidence, Bridges submitted a peremptory jury instruction which, by nature, essentially asks for a directed verdict; the court denied this instruction as well. In McClain v. State, 625 So.2d 774, 778 (Miss. 1993), the supreme court noted that a motion for directed verdict, a request for peremptory instruction, and a motion for judgment notwithstanding the verdict all concern the sufficiency of the evidence. McClain stated the following concerning our standard of review in such instances:
In appeals from an overruled motion for JNOV the sufficiency of the evidence as a matter of law is viewed and tested in a light most favorable to the State. The credible evidence consistent with [the defendant's] guilt must be accepted as true. The prosecution must be given the benefit of all favorable inferences that may be reasonably drawn from the evidence.... We are authorized to reverse only where, with respect to one or more of the elements of the offense charged, the evidence so considered is such that reasonable and fair-minded jurors could only find the accused not guilty.
McClain, 625 So.2d at 778 (citing Wetz v. State, 503 So.2d 803, 807-08 (Miss.1987)). However, we find no motion for a JNOV in the record.
¶ 5. Along the same vein, the supreme court has specifically addressed peremptory jury instructions, such as the one Bridges argues was improperly denied.
In May v. State, 460 So.2d 778, 780-81 (Miss.1984), this Court found that the standard of review for overruling the peremptory instruction is the same as that of a motion for a directed verdict or a J.N.O.V., each of which tests the sufficiency of the evidence as a matter of law, viewing the evidence in a light most favorable to the verdict.
Watson v. State, 722 So.2d 475 (¶ 12) (Miss.1998). Additionally, we recognize our general standard of review concerning jury instructions: "In determining whether error lies in the granting or refusal of various instructions, the instructions actually given must be read as a whole. When so read, if the instructions fairly announce the law of the case and create no injustice, no reversible error will be found." Ragin v. State, 724 So.2d 901(¶ 22) (Miss.1998) (citations omitted).
¶ 6. Bridges also claims that the verdict was against the overwhelming *233 weight of the evidence, which goes to a motion for new trial. Our standard of review regarding motions for new trial and weight of the evidence is also described in McClain:
Matters regarding the weight and credibility of the evidence are to be resolved by the jury....
Moreover, the challenge to the weight of the evidence via motion for a new trial implicates the trial court's sound discretion. Procedurally such challenge necessarily invokes [Uniform Circuit and County Court Rule 10.05]. New trial decisions rest in the sound discretion of the trial court, and the motion should not be granted except to prevent an unconscionable injustice. We reverse only for abuse of discretion....
McClain, 625 So.3d at 781 (citations omitted).

DISCUSSION OF THE ISSUES

I. WAS THE EVIDENCE SUFFICIENT TO SUPPORT THE VERDICT?
¶ 7. Concerning sufficiency of the evidence, the record shows that at the close of the State's case, Bridges moved for a directed verdict, claiming the State had failed to prove the elements of aggravated assault. With that motion, Bridges argued that no serious violent harm befell the victim. He claimed that since Martin's injuries were, in his opinion, not severe and since the weapon used in the attack was merely a mop handle, he could only have been guilty of simple assault, not aggravated assault. At this point we must look to the statutory definitions of both simple and aggravated assault and recognize distinctions in the definitions of the two crimes.
(1) A person is guilty of simple assault if he (a) attempts to cause or purposely, knowingly or recklessly causes bodily injury to another; or (b) negligently causes bodily injury to another with a deadly weapon or other means likely to produce death or serious bodily harm; or (c) attempts by physical menace to put another in fear of imminent serious bodily harm; ...
(2) A person is guilty of aggravated assault if he (a) attempts to cause serious bodily injury to another, or causes such injury purposely, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life; or (b) attempts to cause or purposely or knowingly causes bodily injury to another with a deadly weapon or other means likely to produce death or serious bodily harm....
Miss.Code Ann. § 97-3-7 (Rev.2000) (emphasis added). Bridges claims that, at the most, he is only guilty of simple assault, not aggravated assault. We next look to the facts and evidence to resolve this question.
¶ 8. Bridges argues that the weapon he used was a simple mop handle, which was not even dangerous enough to harm a possum (Martin kept the mop handle on her porch to shoo away possums). Bridges also argues that the injury inflicted upon Martin could not be classified as "serious bodily injury" since she only got a bump on the head and was simply ordered by the doctor to take Tylenol for her pain. The State argues, though, that the elements contained in the definition of aggravated assault were all met:
-Martin suffered a concussion, a serious injury for a seventy-two year old woman to sustain, which injury could lead to death or serious harm in any other situation;
-Bridges intended to inflict serious bodily injury upon Martin in his striking her on the head to keep her quiet. The State claims he could have kept her *234 quiet by merely putting his hand over her mouth or some other less intrusive method, and this coupled with his threat to kill her if she hollered shows his intent to cause serious bodily harm, plus shows his indifference to the value of Martin's life;
-The mop handle was indeed a "means likely to produce seriously bodily harm" in the manner in which Bridges used ithitting Martin only one time over the head with enough force to cause a concussion. The victim was an elderly lady, and Bridges should have known that striking her in the head area with the blunt object could easily have caused her serious injury.
¶ 9. The fact that Martin "got away" before incurring further bodily harm is of no matter here, since Bridges's manifest intent was clear: he struck Martin with the mop handle, forcing her to suffer pain and injury so she would be quiet while he assaulted her. As cited in McClain, our standard of review concerning sufficiency of evidence requires that we review the evidence in a light most favorable to the State to see whether reasonable and fair-minded jurors could only find the accused not guilty. McClain, 625 So.2d at 778. Taking all of this evidence together, we find that Bridges's acts were sufficient to fit within the statutory definition of aggravated assault, and the judge properly denied Bridges's motion for directed verdict at the close of the State's case.
¶ 10. In his "sufficiency" argument, Bridges also claims that his proposed jury instruction D-1 was improperly denied. The instruction read: "The Court instructs the Jury to return a verdict of not guilty against the Defendant to the Charge of Aggravated Assault." This type of instruction is known as a peremptory instruction. In light of the previous discussion regarding our finding that the evidence was sufficient to support the verdict, according to Watson which was previously cited, the trial judge would have acted improperly had he given the peremptory instruction. Therefore, we find no error in the judge's refusal to give instruction D-1.
¶ 11. Finally, we note that Bridges apparently filed a motion for new trial, though we have no copy of such motion in the record. A brief order denying such motion does appear in the record, but there is no indication that the motion was accompanied by a motion for JNOV, the order merely stating that the "Defendants' Motion For New Trial" is not well taken and should be denied. As well, the clerk's docket sheet shows no evidence that a motion for JNOV was ever filed in this cause. Regardless, as we previously discussed, the evidence was sufficient to support the guilty verdict of aggravated assault; therefore, the judge would have abused his discretion had he granted either the motion for directed verdict or the requested peremptory jury instruction. Finding no abuse of discretion, we find this issue is without merit.

II. WAS THE MOTION FOR NEW TRIAL IMPROPERLY DENIED AND DID AN UNCONSCIONABLE INJUSTICE RESULT DUE TO THE TRIAL COURT'S DENYING SUCH MOTION?
¶ 12. In his brief, Bridges titles one of his issues, "The verdict was against the overwhelming weight of the evidence." However, he never addresses his motion for new trial, and such motion does not even appear in the record. Only the denial of this motion is found in the record, and this order denying the motion is very brief, failing to address any claims Bridges raised in the motion. Bridges refers in his brief to the "weight of the evidence," but he again fails to address his motion for new trial and never quotes our proper *235 standard of review, which we previously cited that states we are to reverse if the trial judge abused his discretion and if reversal is necessary to prevent an unconscionable injustice. McClain, 625 So.2d at 781. Beyond Bridges's lack of substance on this issue in his brief, for the reasons described in this opinion, we cannot find that an unconscionable injustice has resulted in the jury's finding him guilty, nor do we find that the judge abused his discretion in denying the motion for new trial. Accordingly, we find this issue has no merit.

CONCLUSION
¶ 13. This case is an example of careless organization and lack of attention to the distinctions concerning weight and sufficiency of the evidence. Throughout this opinion we have delineated the difference between the two concepts, citing to two instructive cases on this point, McClain and Wetz, among others. We would remind the appellant that weight and sufficiency are two separate and distinguishable legal concepts and the two should be addressed as such, applying each accordingly to the procedural matters to which each relates: sufficiency of the evidence concerns motions for directed verdict, peremptory instructions and motions for JNOV, and weight of the evidence, which is in the province of the jury, concerns motions for new trial. See McClain, 625 So.2d at 778, 781 and Wetz, 503 So.2d at 807-08.
¶ 14. The trial court committed no error in overruling Bridges's motion for directed verdict and in denying his requested peremptory instruction. Also, we find no merit to Bridges's argument concerning weight of the evidence and the denial of his motion for new trial. Accordingly, we affirm the decision of the Leflore County Circuit Court on these matters.
¶ 15. THE JUDGMENT OF THE LEFLORE COUNTY CIRCUIT COURT OF CONVICTION OF AGGRAVATED ASSAULT AND SENTENCE OF FOURTEEN YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS WITH FOUR YEARS SUSPENDED IS AFFIRMED. COSTS OF THIS APPEAL ARE TAXED TO LEFLORE COUNTY.
McMILLIN, C.J., KING and SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING, MYERS and CHANDLER, JJ., concur.