IRVING, J.,
for the court.
¶ 1. Anthony Montay Walker appeals from a judgment of conviction entered by the Circuit Court of Lowndes County, Mississippi following a jury verdict which found him guilty of burglary of an automobile. In this appeal, his single issue is whether the evidence is sufficient to sustain the verdict or whether the verdict is against the weight of the evidence.[1]
¶ 2. Finding no reversible error, we affirm.
FACTS
¶ 3. On April 4, 1997, Tammy Perrigen visited Wal-Mart in Lowndes, County to pick up some items. Perrigen worked at her father’s catering company as a manager and head caterer. Because of her position at the catering company, she possessed a cellular telephone which was connected to her father’s phone. Whenever her phone would ring, her father’s phone would ring, and any conversation made on her phone could be heard by her father. On the day in question, she left the cell phone in her vehicle. She remained in Wal-Mart about forty-five minutes.
¶ 4. When she went back to work, she realized that she could not find her cell phone. She informed her father, Larry Turmen. He instructed her to search for the phone. While searching for the phone, she discovered that the passenger door of *363 her car was locked from the inside and the lock would not release. That night, her father’s cell phone rang, indicating that Perrigen’s phone was in use. Perrigen and her father listened to numerous conversations on the phone and were able to identify a male voice as the person who actually had the phone. This person later identified himself over the phone -as Mon-tay Walker.
¶ 5. Thereafter, on April 6,1997, Tammy and her father reported to the Columbus Police Department that' the phone had been stolen. Officer Carl Kemp responded and listened to a phone conversation. Officer Kemp recognized one of the voices on the phone as Anthony Montay Walker because the officer had taught a D.A.R.E. class from 1992-1994 in which Walker had been a student. The following Monday, April 7, 1997, Tammy’s father overheard Walker identify his home address and that he was going home. Mr. Turmen contacted Officer Kemp and gave him the address. Because Officer Kemp was busy on another case, he contacted Officer Rick Sturdivant to investigate the matter. Officer Sturdivant arrived at the address and observed Walker clipping a phone on his belt. Officer Sturdivant retrieved the phone from Walker. Soon after Sturdi-vant’s arrival, Mr. Turmen arrived on the scene and identified the retrieved phone as the missing phone.
ANALYSIS AND DISCUSSION OF THE ISSUE
¶ 6. Walker contends that this Court should reverse the trial court’s denial of his motion for a new trial because the trial judge abused his discretion in denying Walker’s motion. Walker avers that the trial court erred in accepting the verdict against the great weight and sufficiency of the evidence. We find that the trial judge did not abuse his discretion in denying Walker’s motion for judgment notwithstanding the verdict or, alternatively, for a new trial.
¶ 7. As to the motion for judgment notwithstanding the verdict, this Court will consider the evidence in the light most favorable to the appellee. Baker v. State, 802 So.2d 77(¶ 13) (Miss.2001). All favorable inferences which may be reasonably drawn will be given to the appellee. Id. This Court will reverse and render if the facts point overwhelmingly in favor of the appellant’s innocence that reasonable men could not have found the appellant guilty. Id. However, this Court will affirm where there is substantial evidence of such quality and weight where reasonable men could have found appellant 'guilty. Whitten v. Cox, 799 So.2d 1(¶ 5) (Miss.2000).
¶ 8. The State’s evidence consisted of the testimony of Tammy Perrigen, Larry Tur-men, Officer Kemp, and Officer Sturdi-vant. Perrigen testified that after she left Wal-Mart and realized that her phone was missing, she discovered that the passenger door was locked and the lock would not release. Prior to this-point, the passenger door lock had worked properly. Her father testified to how the lock could have been broken by someone attempting to burglarize the car. Also, Perrigen and her father testified that they heard a male’s voice on her father’s phone the evening it was determined that her phone was missing. This person later identified himself as Montay Walker. Furthermore, Mr. Turmen testified that he heard Walker, via one of the conversations, tell someone that Walker had gotten the phone from the Wal-mart parking lot. Officer Kemp testified that he recognized Walker’s voice while listening to a conversation on Mr. Turmen’s phone. Officer Sturdivant retrieved the phone that Walker was using, and Mr. Turmen identified the phone as being the missing phone. [1]
*364 ¶ 9. Walker testified that he did not break into a car and steal the phone. He testified that he and a friend, Tony, arrived at his home to find female friends, Tameka, Tasha, Pam, and Rosalind. He explained that Tameka asked him to come into the house and showed him a phone. Walker testified that the back had been torn off and Tameka told him the phone needed to be charged up. When questioned as to how many calls Walker made, Walker stated that he made about five, one of which was to Tameka to tell her that the phone was working and that she could come pick it up.
¶ 10. Ericka Lathan, Walker’s cousin, testified that, on the afternoon of April 4 while Walker was not home, four sisters, Tameka, Rosalind, Tasha, and Pam brought a phone to the house and wanted Walker to charge it. Walker’s mother testified that the phone in court was not the same phone as the one she had seen in the sisters’s possession. Uvodka Walker, Walker’s sister, also testified that the phone in court was not the phone she- had seen in her brother’s possession.
¶ 11. The jury heard all of this evidence and resolved the question against Walker. Accepting as true all the evidence favorable to the State, together with all reasonable inferences arising therefrom, this Court is compelled to conclude that the evidence was of such quality and weight to support the jury’s finding that Walker stole the cell phone from Perri-gen’s car.
¶ 12. In reviewing the denial of Walker’s motion for a new trial, we must look to the same evidence to determine whether there was an abuse of discretion. This Court will reverse the lower court’s denial of a motion for new trial only if the trial court abused its discretion and the verdict is so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice. Watson v. State, 722 So.2d 475, 480(¶ 23) (Miss.1998); Morgan v. State, 703 So.2d 832, 840 (Miss.1997). On this evidence, we do not find that the trial court abused its discretion in denying Walker’s motion for a new trial. Thus, we affirm the trial court’s denial of Walker’s motion for judgment notwithstanding the verdict or alternatively for a new trial.
¶ 13. THE JUDGMENT OF THE CIRCUIT COURT OF LOWNDES COUNTY OF CONVICTION OF BURGLARY OF AN AUTOMOBILE AND SENTENCE TO SEVEN YEARS, IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LOWNDES COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, MYERS, CHANDLER AND BRANTLEY, JJ, CONCUR.

. The precise issue, as framed by Walker, is whether the trial court erred "in accepting a guilty verdict against the great weight and sufficiency of the evidence.”