KING, C.J.,
for the Court.
¶ 1. John Bowie was convicted of burglary in the Circuit Court of Harrison County. Bowie was sentenced as an habitual offender to a term of seven years in the custody of the Mississippi Department of Corrections without the possibility of parole. Aggrieved by his conviction and sentence, Bowie raises the following issues as error, which we quote verbatim:
I. The trial court committed error when it denied the appellant’s motion for directed verdict as the State failed to prove an essential element of the indicted charge.
II. The trial court committed error when it denied the appellant’s request for peremptory instruction and his motion for jnov.
III. The trial court erred in not granting the appellant’s motion for a new trial.
112. Finding no error, we affirm.
FACTS
¶ 3. On the morning of February 7, 2002, Addr Larosa Caves was sitting on the porch of her residence in Gulfport. Ac *379 cording to Caves, she saw a truck with three occupants inside, two males and one female. The truck’s driver pulled into the driveway across the street from Caves, at the house owned by Amelia Baker. After seeing the individuals across the street, Caves went behind the house of a nearby relative and went through a broken fence behind the house of Amelia Baker to observe the individuals.
¶4. Caves stated that she recognized one of the individuals as Bowie, whom she had known for a long time. Caves stated that she saw Bowie coming out of the shed located behind Baker’s house with furniture that he loaded onto the truck. Caves went back to her porch, called Baker, and subsequently called the police. Caves stated that the furniture on the truck was not on the outside of Baker’s house.
¶ 5. Amelia Baker testified that she owned the property located at 2102 33rd Street. She visited the property frequently to observe its condition. A few days prior to the incident (she could not remember the exact date), Baker checked the storage shed behind the house and it was locked.
¶ 6. Baker stated that when she arrived at the property, the door had been kicked in on the storage shed. She indicated that several items (mattresses, a table, chairs, dressers, lamps) were missing. Baker testified that she did not give anyone, including Bowie, permission to remove the property from the area, nor did she give anyone permission to go into the storage shed.
¶ 7. Officer Wendall Johnson of the Gulf-port Police Department testified that on February 7, 2002, he received a call regarding a complaint of a burglary in progress. Johnson received a description indicating that the suspects were “two black males and a black female” in a blue pickup truck. As Johnson proceeded in the direction of the area of the complaint, he observed a vehicle fitting the description of the vehicle driven by the suspects. Johnson indicated that the vehicle appeared to have been coming from the residence itself because when he stopped the vehicle, it was “about a house length from the house, the residence.”
¶ 8. Once Johnson stopped the vehicle and exited his patrol vehicle, one of the males, later identified as Bowie, jumped from the passenger side of the vehicle and ran into a wooded area nearby. Johnson stated that Bowie turned and looked at him as he proceeded to run. Johnson indicated that he had known Bowie prior to the incident in question because the house located at the address in question “used to be their lot.”
¶ 9. Johnson stated that when Baker arrived at the scene, she identified some of the items on the back of the vehicle as belonging to her and coming from her storage shed. Johnson stated that the lock to the storage shed had been broken off and two doors to the shed had been forced open.
¶ 10. B.C. Pervish testified on behalf of Bowie. He stated that his niece, Shannon Jordan, called and asked him to meet her and Bowie (her boyfriend) at his mother’s house on 3225 20th Street in Gulfport. Pervish picked up Jordan and Bowie and proceeded to the house in question. According to Pervish, there was furniture located in the back of the house covered with a blue cover. The individuals picked up the furniture and loaded it onto the truck. Pervish stated that he could not remember the date that they removed the furniture. Pervish indicated that he did not see Bowie enter the shed. He testified that once his vehicle was stopped by the police, Bowie jumped out of the truck and ran into the woods.
*380 ¶ 11. On June 10, 2003, Bowie was found guilty of burglary.
I. & II.
Whether the trial court erred by denying Bowie’s motion for a directed verdict, JNOV, and request for a peremptory instruction.
¶ 12. Bowie asserts that the trial court erred by denying his motion for a directed verdict, JNOV, and his request for a peremptory instruction because the State failed to prove the elements of the crime of burglary. These three errors concern the sufficiency of the evidence.
¶ 13. In McClain v. State, 625 So.2d 774, 778 (Miss.1993), the supreme court held that the sufficiency of the evidence as a matter of law is viewed and tested in a light most favorable to the State. The credible evidence consistent with Bowie’s guilt must be accepted as true. Id. The prosecution must be given the benefit of all favorable inferences that may be reasonably drawn from the evidence. Id. The Court is authorized to reverse only where, with respect to one or more of the elements of the offense charged, the evidence so considered is such that reasonable and fair-minded jurors could only find the accused not guilty. Id.
¶ 14. Mississippi Code Annotated Section 97-17-33(1) (Rev.2000) provides:
(1) Every person who shall be convicted of breaking and entering, in the day or night, any shop, store, booth, tent, warehouse, or other building or private room or office therein, water vessel, commercial or pleasure craft, ship, steamboat, flatboat, railroad car, automobile, truck or trailer in which any goods, merchandise, equipment or valuable thing shall be kept for use, sale, deposit, or transportation, with intent to steal therein, or to commit any felony, or who shall be convicted of breaking and entering in the day or night time, any building within the curtilage of a dwelling house, not joined to, immediately connected with or forming a part thereof, shall be guilty of burglary, and imprisoned in the penitentiary not more than seven (7) years.
¶ 15. To prove that the crime of burglary has been committed, the State must show that there was (1) an unlawful breaking and entering and (2) with the intent to commit some crime upon entry. The State presented evidence of the unlawful breaking and entering through the testimony of Caves, an eyewitness, and Baker, the property owner. Caves testified that she saw Bowie coming out of the shed carrying furniture which he loaded onto the pickup truck.
¶ 16. Baker testified that she checked on her property several times a month. When she last checked on her property, a few days prior to the incident, the storage shed door was locked. Baker stated that she did not give anyone permission to take any items from her property or storage shed.
¶ 17. Officer Johnson also stated that the individuals were in close proximity to the house in question when he stopped them and he observed various items of furniture on the back of the pickup truck. Johnson testified that when Baker arrived at her property, she identified the items as belonging to her. Johnson stated that upon inspection of the shed door, the lock was broken off and the door had been damaged by force.
¶ 18. The record contains substantial evidence, from which a jury could conclude that Bowie broke the lock on Baker’s storage shed, entered the shed without permission, and stole Baker’s furniture. Thus, this issue is without merit.
*381 III.
Whether the trial court erred by denying Bowie’s motion for a new trial.
¶ 19. Bowie contends that the trial court erred by denying his motion for a new trial. A motion for a new trial challenges the weight of the evidence. Bridges v. State, 790 So.2d 230(¶ 6) (Miss.Ct.App.2001). The decision to grant or deny a motion for a new trial is discretionary with the trial court. Harried v. State, 773 So.2d 966(¶ 9) (Miss.Ct.App.2000). This Court “will not order a new trial unless it is convinced that the verdict is so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice.” Watson v. State, 722 So.2d 475(¶ 23) (Miss.1998).
¶20. Bowie claims the verdict was against the overwhelming weight of the evidence because there was no evidence provided to establish that a reasonable juror could have found that he broke into the shed.
¶21. The Court notes again that the State presented evidence that Bowie was in possession of the stolen goods, in close proximity to the house in question, just after the burglary occurred. An eyewitness saw Bowie coming out of the storage shed carrying furniture. Upon being stopped by police, Bowie jumped out of the vehicle and ran into the woods. Baker testified that the last time she checked the lock on her storage shed, it was intact and she did not give anyone permission to enter her storage shed and remove the items taken. Inconsistencies or contradictions in testimony are clearly in the jury’s province, and we refuse to reverse on such grounds. James v. State, 756 So.2d 850(¶ 4) (Miss.Ct.App.2000). “It is the duty of the jurors to resolve conflicts in the testimony presented.” Id. This Court affirms the trial court’s decision.
¶ 22. THE JUDGMENT OF THE CIRCUIT COURT OF HARRISON COUNTY OF CONVICTION OF BURGLARY AS AN HABITUAL OFFENDER AND SENTENCE OF SEVEN YEARS, DAY FOR DAY, WITHOUT THE POSSIBILITY OF PAROLE OR PROBATION, IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HARRISON COUNTY.
BRIDGES AND LEE, P.JJ., IRVING, MYERS, CHANDLER, GRIFFIS AND BARNES, JJ., CONCUR. ISHEE, J., NOT PARTICIPATING.